Reilley v. Carroll.

------

MICHAEL REILLEY vs. HARRY J. CARROLL ET AL.

Third Judicial District, Bridgeport, April Term, 1926.
WHEELER, C. J., CURTIS, MALTBIE, HAINES, and HINMAN, Js.

When neither party appeals from the refusal of a compensation commissioner to correct his finding, the evidence should not be made a part of the record.

Reilley *v.* Carroll.

Section 5351 of the General Statutes provides, in part, that an injury resulting in "total and permanent loss of sight in both eyes, or the reduction to one tenth or less of normal vision with glasses" shall be consdiered as causing total incapacity, and that the measure of compensation for such incapacity shall be half the average weekly earnings for not more than five hundred and twenty weeks. *Held* that this statute was not intended to cover an injury to one eye.

When the injury results in "the complete and permanent loss of sight in one eye, or the reduction in one eye to one tenth or less of normal vision with glasses," the measure of compensation is fixed by subsection G of § 5352, as amended by § 7 of Chapter 306 of the Public Acts of 1921, at one half the average weekly earnings for one hundred and four weeks plus the usual compensation for total incapacity; but when, as in the present case, the injury is to one eye only and it does not result in the complete loss of sight or a reduction to one tenth or less of normal vision with glasses, the commissioner may, under § 5352 as amended, award for the period of partial incapacity a "weekly compensation equal to half the difference between his average weekly earnings before the injury and the amount he is able to earn thereafter," or "in case the injury results in a permanent partial loss of function, the commissioner may in his discretion, in lieu of other compensation, award to the injured person such a proportion of the sum" provided in subsection G "as shall represent the proportion of total loss or loss of use found to exist."

The power of the commissioner to award a sum based upon the proportion of total loss or loss of use found to exist, relates exclusively to the injuries described in § 5352, and not to those in § 5351; and, in computing this amount, it does not lie within his discretion to award a weekly sum for a fractional part of the total number of weeks designated for the particular injury involved, for the statute requires that the award be based upon a certain sum per week for a given number of weeks.

The reduction in the total vision of both eyes which is the result of an injury to one eye coupled with a pre-existing impairment of vision in the other, has no bearing upon the amount of the award, for the injured party is entitled to compensation only for the injury which is the subject of his claim.

Argued April 13th—decided June 19th, 1926.

APPEAL by the plaintiff and the defendants from a finding and award of the compensation commissioner of the first district acting for and in the place of the

commissioner of the fifth district, taken to the Superior Court in New Haven County and reserved by the court, *Ells, J.,* on its own motion, for the advice of this court. *Superior Court advised to remand the case to the Commissioner.*

The record discloses that the plaintiff, while in the employ of Harry J. Carroll, on November 28th, 1924, suffered an injury arising out of and in the course of his employment, from which incapacity resulted beginning November 29th, 1924, arising from a piece of coal lodged in his left eye, for which the plaintiff claimed compensation. The parties entered into a voluntary agreement on December 26th, 1924. (General Statutes, § 5351, as amended) approved by the commissioner of the Fifth District, providing in part as follows:

"1. In case of total incapacity resulting from said injury (§5351, as amended) the employer is to pay and the employee is to receive the sum of $15 per week, beginning on December 6, 1924, and continuing during the period of such incapacity, but not for longer than the period provided by law, payments to be made at Waterbury, Ct.; provided, if such incapacity extends beyond a period of four weeks, compensation shall begin from the day of the injury.

"2. In case of partial incapacity resulting from said injury (§ 5352 as amended) the employer is to pay and the employee is to receive each week:

"(a) Half of the difference between $30 (the employee's average weekly earnings before the injury) and the amount which the employee is able to earn weekly after the injury, said payments to continue as long as, because of said injury, the earning power continues less than the aforesaid average weekly earnings,

but in no case for longer than the period provided by law or to exceed eighteen dollars per week; or, . . ."

*Frederick M. Peasley,* with whom, on the brief, was *Clayton L. Klein,* for the appellant (plaintiff).

*DeLancey S. Pelgrift,* for the appellants (defendants).

CURTIS, J. This voluntary agreement, as appears therefrom was not final, but left its subject-matter open for further determination. The claim for compensation thereafter came before the commissioner of the first district for further determination.

The commissioner made the following finding and award, on December 31st, 1924:

"1. This matter was settled by a voluntary agreement between the parties approved by the Commissioner of the Fifth District, the thirty-first of December, 1924, duly filed with the clerk of the Superior Court at Waterbury, Connecticut. This agreement in addition to reciting the jurisdictional facts provided that the claimant was to receive compensation at the rate of $15 per week during total incapacity for an injury described as 'Piece of coal lodged in left eye.'

"2. This hearing was held on motion of the claimant who asked for an award of specific indemnity due to loss of vision.

"3. There appeared as witnesses for the respondents three eye specialists and a full discussion was had concerning the various features of the case.

"4. I find that claimant has vision in the right eye to the extent of 20/100 which defective vision existed prior to the injury in question. The injury reduced the vision in the left eye to 20/30 as corrected with proper lenses. The injury in connection with the pre-existing

poor vision in the right eye has resulted in a fifty per cent loss of total vision.

"5. Section 5351 of the Compensation Act provides that the total loss of vision, that is, the reduction in vision to one-tenth or less of normal as corrected with glasses, is total incapacity, entitling the claimant to compensation at one-half the average weekly wage for not more than five hundred and twenty weeks.

"6. It is evident therefore that the claimant can in no event recover compensation for more than the five hundred and twenty weeks period. Two weeks have already been paid under the voluntary agreement, leaving the maximum number of weeks for which claimant can recover five hundred and eighteen weeks.

"I find that claimant is entitled for specific indemnity, to compensation at one-half the compensation rate, or $7.50 per week, for not to exceed the remaining period of weeks for which he can recover under the section above quoted, namely five hundred and eighteen weeks.

"7. It does not appear from the evidence when the maximum of improvement in the injured eye was reached, and if the parties cannot agree as to this date, the matter may be made the subject of further hearing.

"A memorandum of decision is annexed hereto and is made a part hereof.

"Whereupon it is ordered, adjudged, decreed and awarded that the respondents pay to the claimant compensation at the rate of $7.50 per week for not more than five hundred and eighteen weeks, said payments to commence from the date on which the maximum of improvement was reached, and all accrued payments to be made forthwith through the office of the claimant's attorney, Clayton L. Klein, Esq., Waterbury, Connecticut. The date when the maxi-

mum of improvement was reached if not agreed upon by the parties may be made the subject of a further hearing."

From this finding and award both parties appealed to the Superior Court, which upon its own motion reserved the case for the advice of this court. There is a transcript of the evidence printed in the record. But as neither party appealed to the Superior Court for any refusal of the commissioner to amend the finding this evidence is not properly a part of the record.

The voluntary agreement was necessarily based on the agreed fact of the existence of a compensable injury. But it does, not specifically provide what sums shall be paid the claimant. It provides what sums shall be paid (1) if total incapacity results and (2) suggests a rule to determine the award if partial incapacity results. This is not final. (See General Statutes § 5355.)

The commissioner does not find that total incapacity resulted from the injury. He found that there was a pre-existing impairment of vision in the right eye, and that the injury in question to the left eye reduced the vision in the left eye to 20/30 as corrected with proper lenses. This is not a finding of a complete and permanent loss of sight in the left eye, or a reduction in the left eye to one tenth or less of normal vision with glasses. He found that the injury in question impaired the vision in the left eye and that the result of that impairment in connection with the pre-existing impairment of the vision in his right eye has resulted in a fifty per cent loss of total vision. Neither §5351 as amended, nor §5352 as amended, specifically provides a rate of compensation for a fractional impairment of total vision.

Section 5352 as amended by Public Acts of 1921,

Chapter 306, §7, provides in part as follows: "With respect to the following injuries the compensation, in addition to the usual compensation for total incapacity, but in lieu of all other payments for compensation, shall be half of the average weekly earnings of the injured employee, but in no case more than eighteen dollars or less than five dollars weekly." Then follow subsections (a) to (k) inclusive, specifying different injuries and the time for which the half of weekly earnings shall be awarded as to each injury. Subsection (g) is, "(g) for the complete and permanent loss of sight in one eye, or the reduction in one eye to one tenth or less of normal vision with glasses, one hundred and four weeks." Then follows this provision: "In case the injury shall consist of the loss of a substantial part of a member [of the body] resulting in a permanent partial loss of use of the member, or in case the injury results in a permanent partial loss of function, the commissioner may in his discretion, in lieu of other compensation, award to the injured person such a proportion of the sum herein provided for the total loss or loss of use of such member or for incapacity or both as shall represent the proportion of total loss or loss of use found to exist." And this provision follows: "In case of an injury to any portion of the body, referred to in subsections (a) to (k) inclusive, . . . the commissioner may in his discretion in the manner hereinbefore provided award compensation for a proportionate loss or loss of use of the member of the body affected by such injury."

Section 5351, as amended by Public Acts of 1921, Chapter 306, § 6, provides compensation for total incapacity, and then fixes definite compensation for certain injuries, including total loss of sight or reduction to one tenth or less of normal vision. Clearly this section does not cover the injury. Every specific

injury therein referred to includes loss of, or of the use of, dual members.

Section 5352, as amended by Public Acts of 1921, Chapter 306, § 7, provides for partial incapacity and also fixes the compensation for certain injuries, in lieu of every other compensation except that for total incapacity. Among these specified injuries is complete loss of sight in *one eye,* or reduction to one tenth or less of vision in *one eye.* So far this section does not cover the case before us.

It is covered by the provision quoted above reading, "in case the injury shall consist of the loss of a substantial part of a member [of the body] . . . or in case the injury results in a permanent partial loss of function," etc.

Reference in the above provision is to "a member." It is also to be noted that the next two sentences of the section quoted tie the provision up to the specific injuries specified in this section and cannot refer to those specified in § 5351. Further, § 5351 is concerned solely with total incapacity; § 5352 solely with partial incapacity. The provision quoted has no relation to § 5351.

The conclusion is inevitable that it refers only to injuries specified in § 5352. Since this construction must obtain, the commissioner might in his discretion award the proportional amount of the sum provided in the section for loss of vision in one eye in proportion to the actual injury to the one eye in question; he could not award a proportionate part of the sum fixed in §5351 for total incapacity. The commissioner can do that, or he can make his award under the method provided in the first sentence of § 5352 based upon the actual resulting incapacity.

The cases of *Hartz* v. *Hartford Faience Co.,* 90 Conn. 539, 97 Atl. 1020; *Saddlemire* v. *American Bridge Co.,*

94 Conn. 618, 110 Atl. 63, and *Fair* v. *Hartford Rubber Works Co.,* 95 Conn. 350, 111 Atl. 193, are not applicable, because the compensation therein awarded was made upon the basis of actual injury to the member in question, not for incapacity resulting from the injury.

The respondents contend that the commissioner was without authority to make an award for any more than the proportionate loss of sight in the left eye, and that he could not take into consideration the impairment of the vision of the right eye in connection with the impairment of vision from the injury to the left eye and award compensation based upon the partial loss of total vision. The respondents' contention is correct. Compensation is sought for what the commissioner finds is an impairment of the vision of the left eye. This does not create a total incapacity, but a partial incapacity, and as a partial incapacity it falls within the provisions of § 5352 as amended.

No finding was made by the commissioner as to what sum is "equal to half the difference between the average weekly earnings [of the injured man] before his injury and the amount he was able to earn thereafter." Hence no award as provided in the first portion of §5352 as amended could have been predicated upon such a finding. An award therefore under § 5352 as amended must, under the finding, be made under the provision of that section, permitting the commissioner, "in his discretion, in lieu of other compensation," to award an "injured person such a proportion of the sum herein [in § 5352 as amended] provided for the total loss or loss of use of such member or for incapacity or both as shall represent the proportion of total loss or loss of use found to exist."

In the instant case an award was made by erroneously construing § 5352 as amended with § 5351 as

amended. The case presents a situation of a permanent partial loss of function of the left eye, and is controlled by the compensation to be awarded by § 5352. No award was made for a permanent partial loss of function of the left eye under the provision—above quoted—permitting the commissioner, "in his discretion, in lieu of other compensation," to award an "injured person such a proportion of the sum herein [in § 5352 as amended] provided for the total loss or loss of use of such member or for incapacity or both as shall represent the proportion of total loss or loss of use found to exist."

The discretion of the commissioner, herein referred to, is confined to a selection from the methods of compensation provided by § 5352, as amended. He has no discretion, if he shall determine to award compensation under the second method outlined in this section, as to whether the award shall be for the total of weeks at the weekly sum provided or found, or for the sum provided or found at a fractional part of the total of weeks. The statute provides that the award shall be based upon a certain sum per week for a given number of weeks.

The case must therefore be remanded to the commissioner to award compensation either in accord with the first two sentences of § 5352 as amended by Chapter 306, § 7, of the Public Acts of 1921, or in accord with the legal discretion permitted the commissioner in such section so amended as to awarding such "a proportion of the sum herein provided for the total loss or loss of use of such member or for incapacity or both as shall represent the proportion of total loss or loss of use found to exist."

There is error; the Superior Court is directed to sustain the appeal and remand the case to the Commissioner with direction to determine the case under the

provisions of § 5352 as amended, in accordance with this opinion.

In this opinion the other judges concurred.