MICHAEL REILLEY *vs.* HARRY J. CARROLL ET AL.

Third Judicial District, Bridgeport, October Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 23d—decided November 25th, 1929.

*DeLancey S. Pelgrift* and *William J. Larkin,* for the appellants (defendants).

*Clayton L. Klein,* with whom was *Joseph E. Talbot,* for the appellee (plaintiff).

HINMAN, J. The award to which this appeal relates was made following the remand ordered on the former appeal from an award of compensation for the same injury—to the plaintiff's left eye. *Reilley* v. *Carroll,* 104 Conn. 569, 134 Atl. 68. The supplemental finding evinces a departure from our instructions, frequently reiterated, that a finding by a commissioner should be confined to a recital of the material and relevant facts found and the conclusions reached upon the subordinate facts, together with the questions of law made by the parties and the rulings thereon. *Pettiti* v. *Pardy*

*Construction Co.,* 103 Conn. 101, 104, 130 Atl. 70; *Marchiatello* v. *Lynch Realty Co.,* 94 Conn. 260, 262, 108 Atl. 799. Statements of evidence and argumentative comment have no proper place therein. It sufficiently appears, however, that, as a result of the injury and consequent impairment of vision the plaintiff has been unable to secure employment, other than brief temporary jobs at infrequent intervals, although he has used reasonable diligence to find employment suitable to his condition, and his disability due to the defective vision so caused is held by the commissioner to be equivalent to total incapacity within the meaning of the compensation law. The award is at the rate of $15 per week until it be shown that plaintiff's incapacity has diminished or ceased, but not to exceed a total of five hundred and twenty weeks.

The additions to the finding, sought by the defendants, as to the circumstances of the termination of the plaintiff's employment and the details of work done subsequently by the plaintiff are not of controlling or material importance. The further requested finding that "whatever difficulty the claimant has had in securing employment is not due to the injury sustained or to his defective vision, but to his personal unfitness," cannot be inserted as an undisputed fact, and the commissioner's finding to the contrary, as above stated, is supported by evidence which, while not as conclusive as it might be, is sufficient to preclude its elimination by us on appeal.

The defendants assign as error the action of the commissioner in awarding compensation on the basis of total incapacity of the plaintiff instead of for partial incapacity or a proportionate loss of vision in the injured eye. It is claimed that the rescript in *Reilley* v. *Carroll, supra,* p. 578, limited the commissioner to an award for partial incapacity under § 5352 of the Gen-

eral Statutes as amended by Chapter 306, § 7, of the Public Acts of 1921, either based upon the difference between the plaintiff's average weekly earnings before the injury and the amount he is able to earn thereafter, or such portion of the sum provided for total loss of sight of one eye as represents the proportion of total loss found to exist. It is apparent from the record and opinion in the former appeal that the condition then presented and considered consisted, only, of partial incapacity consequent upon impairment of vision, as distinguished from such total incapacity to work as would bring the award under § 5351 of the General Statutes, as amended, instead of § 5352. However, the remand involved ascertainment by the commissioner of the amount the claimant was able to earn after the injury, as a necessary element of an award in accordance with the first alternative method under § 5352, and, the finding shows, inquiry to this end developed facts as to plaintiff's inability to procure work constituting, in the judgment of the commissioner, total instead of the partial incapacity contemplated by the prior award. Recognition of this situation and an award accordingly was within the power and jurisdiction of the commissioner, which is retained and continues during the whole compensation period. General Statutes, § 5355; *Bassett* v. *Stratford Lumber Co.*, 105 Conn. 297, 301, 135 Atl. 574; *Thompson* v. *Towle*, 98 Conn. 738, 741, 120 Atl. 503; *Fair* v. *Hartford Rubber Works Co.*, 95 Conn. 350, 354, 111 Atl. 193.

Since the evidence warrants the finding as to the plaintiff's inability to earn because unable to obtain employment, it cannot be held, as a matter of law, that the conclusion of resulting total incapacity lacks justification. "The object of our statute was to give compensation for a total or partial loss of the capacity to earn wages. . . . If . . . the injured employee by

reason of his injury is unable in spite of diligent efforts to obtain employment, it would be an abuse of language to say that he is still able to earn money, that he still had a capacity for work, even though his physical powers might be such as to enable him to do some kinds of work if practically the labor market was not thus closed to him. He has become unable to earn anything; he has lost his capacity to work for wages and to support himself, not by reason of any change in market conditions, but because of a defect which is personal to himself and which is the direct result of the injury that he has sustained. He is deprived of the benefit which the statute promises him if he is told that because he could do some work if he could get it, he is not under incapacity for work, although by reason of his injury he can obtain no opportunity to work." *Sullivan's Case*, 218 Mass. 141, 143, 105 N. E. 463, L. R. A. 1916A, 378; *Clark* v. *Gas Light & Coke Co.*, 21 T. L. R. 184; *Jordan v. Decorative Co.*, 230 N. Y. 522, 130 N. E. 634. The inability to get work is evidence showing an incapacity for work, although it will not always be conclusive. *Sullivan's Case*, *supra*, 142. A finding that an injured employee, although using reasonable diligence, has been unable to earn anything, by reason of his injury, is equivalent to a finding that he was totally incapacitated for work during the period covered by such inability. *Septimo's Case*, 219 Mass. 430, 107 N. E. 63.

This general principle requires inherent safeguards against abuse whereby compensation might be secured through malingering, or because of incompetency or unfitness unconnected with the specific injury, or unemployment due to slackness in the demand for labor owing to business conditions. The plaintiff's labor must be unmarketable because of conditions resulting from his injury; he must exercise reasonable diligence

to obtain employment; he must not refuse or neglect, without adequate excuse, to use such powers as remain to him, or decline employment reasonably within his capacity to perform. It is at all times within the power of the defendant-employer, or his insurer, to terminate the period of total incapacity and end or reduce liability for compensation by rendering available to the plaintiff employment within his powers and capacity and he may refuse to engage in it only at peril of loss of the compensation awarded him. Such a termination or reduction of compensation has been, and will continue to be, open to these defendants, through modification as provided for under § 5355 of the General Statutes, and under the express limitation of the award "until it be shown that his [plaintiff's] incapacity has diminished or ceased."

Upon the facts found, an award made under the first method prescribed by § 5352 as amended would be the same in amount as that appealed from. The plaintiff's earnings before the injury appear to have been $30 per week. The amount which he has been able to earn after the injury must be treated "as zero during the weeks of unemployment" as in *Jordan* v. *Decorative Co., supra*. Half of the difference between this and his previous weekly earnings ($30) is $15, the amount awarded. Neither the finding nor requested corrections afford a basis of fact for an award for proportionate loss of use of the injured eye, under the second alternative method provided for by § 5352.

There is no error.

In this opinion the other judges concurred.