## EMILE GAUTHIER
*vs.*
## HAT CORPORATION OF AMERICA ET AL.

Superior Court　　　Fairfield County　　　File No. 61732

MEMORANDUM FILED JUNE 5, 1941.

*David R. Lessler,* of Bridgeport, for the Plaintiff.

*John E. McNerney,* of New Haven, for the Defendants.

BOOTH, J. This is an appeal from the Compensation Commissioner for the Fourth Congressional District dismissing the plaintiff's claim for further compensation.

The finding discloses that on August 24, 1937, the plaintiff, while in the employ of the defendant employer, suffered an injury to the fingers of his left hand; that as a result thereof he became immediately incapacitated and was given proper medical and hospital care; that on September 14, 1937, a voluntary agreement was made and approved whereby compensation was paid the plaintiff to May 30, 1938; that as a result of the accident the plaintiff lost two-thirds use of his left first finger, two-thirds use of his left second finger and 25 percent use of his left thumb; that these losses entitled the plaintiff to compensation for $25\frac{1}{3}$, 20 and 15 weeks, respectively, totalling in all $60\frac{1}{3}$ weeks; that on June 9, 1938, a supplemental agreement was made and approved whereby the plaintiff was paid compensation for the $60\frac{1}{3}$ weeks due in accordance with the agreement; that the plaintiff had been a hatter for a number of years and had become by trade what is known as a "hat tipper"; that he was not doing this work when injured, however, but was working as a "blower"; that as a result of his accident he

has not been able to secure employment as a "hat tipper" but has been able to do various jobs in the hatting industry when the jobs were available.

The plaintiff contended that because he could no longer perform the duties of a "hat tipper" and because he had not been able to earn as much as he earned before the accident, he was entitled to partial compensation for a period of not to exceed 520 weeks.

The defendant contended that the plaintiff received payments for the loss of partial use of his fingers and thumb in lieu of all other payments for compensation and further contended that the injuries were not of such a nature as to make his labor unmarketable and that he was not entitled to any further compensation.

The Commissioner found that the plaintiff was able to do the work he was doing when the injury occurred, also that he had been paid the compensation due because of the injury and denied the plaintiff's claim for further compensation.

Among other things, the reasons of appeal attack the action of the Commissioner in refusing to strike from paragraph 8 of the finding the words "He has been able to do various other jobs in hatting industry when the jobs were available." The basis of this claim is that the quoted statement was found without evidence. An examination of the transcript, however, discloses that it furnishes positive support for the finding of the fact in question and consequently there was no error in not striking it from the finding.

The reasons of appeal further attack the action of the Commissioner in refusing to add to his finding paragraphs D, G, H, I, J, K and M of section II of the motion to correct the finding. The basis of this claim is that the facts referred to were admitted or undisputed.

In so far as paragraphs D, G, J, K and M are concerned, an examination of the record discloses that while it might possibly justify inferences that the facts were as claimed by the plaintiff, it likewise furnishes a basis for an inference directly contrary thereto. Under these circumstances it cannot be properly said that the facts as claimed were admitted or undisputed, and consequently there was no error in refusing to add the same to the finding.

In so far as paragraphs H and I are concerned, the record

discloses that while the facts contained therein were undisputed, it is apparent that their inclusion in the finding would not have affected the decision of the Commissioner. Consequently, the omission at best constituted but harmless error.

The reasons of appeal further attack the action of the Commissioner in refusing to correct his finding by adding thereto certain claims of law set forth in section III of the plaintiff's motion to correct.

The basis of this claim is that the claims therein specified were made at the trial before the Commissioner and in his present brief the plaintiff asserts that a reading of the brief filed with the Commissioner will disclose such to have been the fact.

A copy of this latter brief has been certified to this court and an examination thereof discloses that it contains a claim to the effect that the plaintiff is totally. incapacitated for work by reason of his injury and that his claim before the Commissioner was in fact based upon such total incapacity.

While this claim does not specifically appear in the finding as filed it is obvious from the record that it was the decisive feature of the controversy between the parties. It is also equally obvious from the record that the Commissioner decided this feature against the plaintiff.

The omission of this claim from the finding, however, while perhaps erroneous, in no way effects such decision, for even if the finding were to be corrected by including the same the conclusion that the plaintiff was not entitled to further compensation for the reason that he was able to do the work he was doing when the injury occurred is tantamount to a finding that he was not totally disabled for work. The omission is therefore harmless.

The reasons of appeal still further attack the action of the Commissioner as set forth in paragraph 11 of the finding. The basis of this claim is that the subordinate facts fail to support the conclusion as reached. It is the opinion of this court, however, that the conclusion is justified and it is also its opinion that no correction of the finding to which the plaintiff may be entitled would so affect the conclusion stated in paragraph 11 as to produce any fundamental change therein.

The plaintiff, who suffered a compensable injury on August 24, 1937, had received compensation for total incapacity from

the date of the injury to May 30, 1938, by virtue of an approved voluntary agreement made on September 14, 1937, and thereafter by virtue of an approved supplemental agreement received specific indemnity for a period of $60\frac{1}{3}$ weeks in accordance with section 5237 of the General Statutes, Revision of 1930. In order to become entitled to any further compensation in accordance with section 5236 of the General Statutes, Revision of 1930, it was incumbent upon him to establish that as a result of his injury he had become totally incapacitated for work. *Reilley vs. Carroll,* 110 Conn. 282. This he attempted to do but the Commissioner found he had failed to thus establish.

In view of the above situation concerning the plaintiff's reasons of appeal the finding of the Commissioner as made must stand.

For the foregoing reasons the appeal is dismissed and the award is affirmed.