FRANK SHARKIEWICZ, JR.
*vs.*
CUSHMAN CHUCK CO. ET AL.

Superior Court        Hartford County        File No. 68087

MEMORANDUM FILED OCTOBER 2, 1942.

*Frank Odlum,* of Hartford, for the Plaintiff.

*Harry Silverstone,* Assistant Attorney General, of Hartford, for the Defendants.

Memorandum of decision on appeal from decision of Unemployment Compensation Commissioner.

O'SULLIVAN, J. This is an appeal from the decision of the Unemployment Compensation Commissioner for the First District, denying a claim for compensation on the ground that, as the plaintiff had been discharged by his employer because of his wilful misconduct, the claim was subject to statutory disqualification. In so holding, the Commissioner supported the examiner's previous ruling.

The facts are these: Prior to June 20, 1942, the plaintiff, aged 23, had been in the defendants' employ for 15 months. On that date, he left his machine momentarily to get some rags to clean it, in as much as it was near closing time. The machine jammed and the turret came off, due to a defective mechanism. The cost of repairing the machine was in excess of $600, which does not include the loss occasioned while it was idle and out of production.

The Commissioner made no finding as to whether the accident would or would not have occurred, had the plaintiff remained at his post. Contrary to good practice, he refers to the matter by incorporating the following in his finding: "It was the belief of the supervisor that this might have been prevented had appellant (the plaintiff) been at the machine, though appellant himself stated that he had been told by one of the officials that the damage would have ensued irrespective of whether there was an attendant or not, because the operator could not have been aware of the situation until he heard a grinding noise and then there would not be time enough left for him to stop the machine so as to avoid the damage." Findings of a Commissioner should state facts and not incorporate statements of evidence or argumentative comment. *Reilley vs. Carroll,* 110 Conn. 282, 284.

The Commissioner further found the following: The plaintiff had been specifically warned not to leave his machine running while unattended, and, if for any reason, he wished to do anything that would take him away, to shut it off. This warning was one which had been repeatedly given to all the employees. Nevertheless, it was quite customary among many to ignore the instruction. The plaintiff had been guilty of violations of this rule on numerous other occasions.

From the foregoing facts, the Commissioner concluded that the plaintiff's "behavior could not be called pure carelessness or inattention for there was a deliberate violation of the company rule designed specifically to prevent damage to the machinery and to prevent injury to fellow workmen." In other words, the finding was that the plaintiff was guilty of wilful misconduct.

Section 718f(b)(2) provides that an individual shall be ineligible for the benefits provided by the Unemployment Compensation Act if, during the week in which he has been discharged, he has been guilty of wilful misconduct which prompted the discharge. Consequently, the appeal must be dismissed unless the Commissioner could not reasonably have reached, upon the subordinate facts, his conclusion of wilful misconduct. The same rule applies in appeals of the present nature as those involving the Workmen's Compensation Act. The Superior Court merely determines whether the finding and award appealed from are unauthorized in law, irregular or informal, or based upon a misconception of the law, or of the

powers or duty of the Commissioner, or are so unreasonable as to justify judicial interference. *Leszczymski vs. Radel Oyster Co.*, 102 Conn. 511, 514.

The Commissioner's conclusion that the plaintiff was guilty of wilful misconduct was one of fact which this court may not find erroneous merely because it might not reach the same conclusion as did the Commissioner. If, however, the necessary elements of wilful misconduct are not found in the subordinate facts embodied in the finding, the conclusion would be subject to correction.

Misconduct is any wrong or improper conduct, and becomes wilful if it is done intentionally, that is, purposely with knowledge, or is of such a nature as to evince a reckless disregard of consequences by him who is guilty of it. *Gonier vs. Chase Companies, Inc.*, 97 Conn. 46, 55.

The plaintiff ignored a warning which his employer had given. Mere violation of a rule does not always constitute wilful misconduct. To have that effect the disobedience must be deliberate, not merely a thoughtless act on the spur of the moment. *Frint Motor Car Co. vs. Industrial Commission*, 168 Wis. 436, 439, 170 N.W. 285, 286; *Gonier vs. Chase Companies, Inc., supra*, 57.

The Commissioner found that the plaintiff's conduct was deliberate. This is another way of saying that his actions were not sudden or impulse, but were carried out only after he had given consideration to the fact that the leaving of a machine in operation violated a rule of the company.

Thus the two elements essential to establish wilful misconduct are present. First, his actions amounted to misconduct because they were improper, and secondly, they were wilful because they were deliberate.

By way of postscript, it might be observed that the decisions which concern the Workmen's Compensation Act are only partly applicable as precedents for determining the rules to govern this case. This is because the Workmen's Compensation Act bars a recovery where the workman has been guilty of misconduct which is not only wilful but is also serious. This latter qualification of a workman's conduct is not found in the Unemployment Compensation Act. It therefore follows that, speaking generally, more proof is required to bar his rights

under the Workmen's Compensation Act than under the other.

The conclusion to which the Commissioner came was not unreasonable or based upon a misconception of the law. Accordingly, the appeal is dismissed.