## JOSEPH RUTIGLIANO
*vs.*
## GENERAL ELECTRIC CO.

Superior Court        Fairfield County        File No. 65866

MEMORANDUM FILED MAY 13, 1943.

*Saltman, Weiss & Connors,* of Bridgeport, for the Plaintiff.

*Pullman & Comley,* of Bridgeport, for the Defendant.

KING, J.   This is an appeal from a finding and award of the Compensation Commissioner awarding compensation in a trivial amount for a small hospital bill and a short disability due to a back strain.

The defendant seems to admit that the plaintiff was entitled to his medical expenses and to a disability allowance for four days, which latter it computes to amount to $14.28.

Both parties sought, and in part obtained, corrections of the finding by the Commissioner.

Except for the fourth reason of appeal, the reasons of appeal claim no change in the subordinate facts in the finding as corrected by the Commissioner.

The corrected finding discloses, so far as material to this appeal, that the plaintiff, whose home was in White Plains, New York, began work for the defendant on August 5, 1942. About eight in the morning on August 24, 1942, he sustained an injury to his back arising out of and in the course of his employment. The plaintiff promptly reported the injury to his foreman, who sent him to the defendant's hospital where one Dr. Taylor gave him liniment which the plaintiff applied to his back. The next day plaintiff again went to the hospital and his back was strapped by one Dr. McNulty. On his return, plaintiff resumed his work and continued to work the rest of that day. The next morning he was unable to go to work, and at about ten o'clock in the forenoon was admitted to the hospital in White Plains. He was treated for back strain until discharged, as able to work, on Saturday, September 4, 1942.

He returned to the defendant's plant, on Labor Day, September 7, 1942, and reported to the aforesaid Dr. Taylor (who had given him the liniment) for a check-up prior to going back to work. Taylor refused to see him. No reason for such refusal is disclosed. Plaintiff then tried to see one Waddell, the defendant's compensation adjuster, who could not be found during the working hours of that day. Plaintiff then returned home and came back the following day, trying to resume his employment with the defendant.

As far as the finding discloses he did not see Waddell at all, although the last sentence of paragraph 9 of the finding indicates that he made several efforts to get back into the defendant's employment, but of what these efforts consisted, when they occurred, with whom he talked, and what was told him, the finding leaves undisclosed.

The principal dispute, as disclosed by the reasons of appeal, revolves around a claim that the plaintiff was able to work on September 4th, and is not entitled to compensation after the defendant's alleged refusal to re-employ on Tuesday, September 7th. In so far as this involves a claim that as

matter of law an employee's right to compensation ceases as soon as he has physically recovered from an injury, it is contrary to our law. *Reilley vs. Carroll*, 110 Conn. 282, 285; *Rakiec vs. New Haven Wrecking Co.*, 112 id. 432, 434; *Tarascio vs. Poriss Co.*, 116 id. 707, 709; *Ferrara vs. Clifton Wright Hat Co.*, 125 id. 140, 142.

The true test is whether the "destruction or impairment of earning capacity [is] due to conditions resulting from the specific injury and not to other reasons unconnected therewith." The inability to obtain work and earn wages, or diminished earning capacity must exist " 'not by reason of any change in [labor] market conditions, but because of a defect which is personal to [the claimant] and which is the direct result of the injury that he has sustained'." *Ferrara vs. Clifton Wright Hat Co., supra*, pp. 142, 143.

The burden of proof is on the employee. Ibid. This is a more rigorous rule than that obtaining at common law in the analogous situation of an employer's breach of a contract for personal services for a predetermined period of time. *Krawitz vs. Ganzke*, 114 Conn. 662, 665.

Turning now to the reasons of appeal. The third asserts that the facts found by the Commissioner are not supported by the evidence. This reason of appeal is a nullity. Such a claim can be made only by a motion to delete such facts from the finding, except as to a situation such as that covered by the fourth reason of appeal. No doubt for tactical reasons the plaintiff thought it best not to demur to this third reason of appeal.

The first and second reasons of appeal may be considered together. They raise the question of whether the subordinate facts in the finding as corrected support the conclusion and award of the Commissioner. This dovetails in with the fourth reason of appeal, previously referred to, which assigns error in the correction of the finding granted under the plaintiff's motion to correct in that (1) it is unsupported by the evidence certified in the motion; and (2) if allowed to stand it is inconsistent with the balance of the finding. As hereinafter pointed out it is necessary to remand this case to the Commissioner for the finding of further subordinate facts, so that the whole matter of the sufficiency of the finding, in its final form, to support any award finally rendered, will come up after the Commissioner has acted under this remand.

The crux of the appeal lies in the determination of whether the failure of the plaintiff to receive employment between Labor Day and October 5th, when he obtained his present employment with the Bridgeport Brass Company, was by him proven to have been a proximate consequence of his injury within the meaning of our rule.

The finding, as corrected, states that although the plaintiff was able to work when discharged from the hospital on Saturday, September 4th, he was refused employment "at that time" on September 7th.

It is uncertain from the finding on what theory the Commissioner proceeded in making this award, and in granting the plaintiff's motion for an addition to the finding to the effect that the plaintiff's inability to work was the direct result of his injury. If there was a period when the claimant was left in doubt as to whether the defendant would rehire him or not on account of the accident, the Commissioner should have said so, and set forth what this period was. While the matter in demand is so trivial that it is little short of an imposition to bring this appeal, the defendant has a right, under our presently-existing procedure, to burden the Superior Court with these appeals involving factual trivia as it has previously done during this session of court. If this practice of this defendant becomes general, some legislative relief may well be expected.

It is with reluctance (in view of its triviality) that this appeal is sustained to the extent that the case is remanded to the Commissioner for (A) a further finding as to (1) when, if ever, the plaintiff knew or might reasonably have been expected to know that the defendant would no longer employ him, together with the subordinate facts supporting that conclusion; (2) an amplification and clarification of the correction granted under paragraph 3 of the defendant's motion to correct so as to make it clear whether the phrase "at that time" is intended to refer to the time of refusal or to mean that employment at that time was refused but in such fashion as reasonably to induce in the mind of a reasonably intelligent person in the plaintiff's situation the belief that employment would be forthcoming in the near future and that he was expected to wait further notice from the defendant; (3) on what occasions the plaintiff talked with Waddell and what Waddell told him; (4) an amplification of the last sentence

of paragraph 9 of the finding setting forth of what the plaintiff's efforts to get back to work in the defendant's concern consisted, when and with whom he talked, what he was told, and when and by whom (if ever) he was refused employment; (5) a statement of such further subordinate facts, if any, as are involved in the correction granted under the plaintiff's motion to the effect that the plaintiff's inability to work was the direct result of his injury, and (B) for such further action and modification of the finding and award, if any, as the conclusions of the Commissioner may require in the light of the remanding of the cause to him, and his further findings of fact, including the foregoing specific facts, and including the right, in his sound discretion, to take supplemental testimony if, and to the extent that, he finds it necessary under the rule of *Glodenis vs. American Brass Co.*, 118 Conn. 29, 36.

(C) Except as above stated the appeal is dismissed.