[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, George Schmitt Co., Inc. brings this appeal from a decision of the Employment Security Board of Review (Case No. 430-BR-96).
A majority of the Board of Review concluded that the claimant Michael C. Sacco was not disqualified from receiving unemployment compensation benefits, following his termination by the plaintiff employer on December 8, 1995.
As all parties have acknowledged the facts of this case are not in dispute.
On October 19, 1995, the claimant Michael C. Sacco sustained an injury to his low back while operating a two color press. The injury, which arose out of and in the course of the claimant's employment, aggravated a prior injury to his lower back
There were no witnesses to the incident.
An Accident Investigation Team (AIT) was immediately formed by the employer, consistent with established practice. The team consisted of three individuals; the safety coordinator, a supervisor, and the injured employee, Michael C. Sacco.
On October 27, 1995, the investigation was completed. Consistent with a policy of the plaintiff employer, all members of the Accident Investigation Team were requested to sign the written report. CT Page 2964
Michael Sacco refused to sign the report, and consulted a private attorney. The attorney advised Mr. Sacco to draft a report of his own, sign that report, and submit it to the employer. The attorney also advised Mr. Sacco to request a copy of the report. The claimant did not draft his own report.
The standard form which the claimant refused to sign is titled "Accident Analysis," and consists of two pages. A copy is contained in the record (Exhibit 4).
The form included in the record revealed signatures, and the different portions of the form. Information concerning this particular investigation appears to have been deleted prior to submission.
On the form, is a space for a description of the accident, as well as a comment section, where members of the team may include any "thoughts, disagreements, recollections or viewpoints."
Space is provided for the signatures of each team member.
Michael Sacco was on vacation between October 20, 1995 and November 3, 1995. Upon his return, he was again asked to sign the form. He refused.
On December 5, 1995 Mr. Sacco was suspended for three (3) days for his failure to sign the form.
When he returned to work following the suspension, he was again asked to sign the form by the employer. He again refused.
The claimant maintained that the reason he refused to sign the form was the refusal of the employer to provide him with a copy. (statement of Michael Sacco dated January 2, 1996).
The employer maintained that the document was part of its security file, pursuant to Section 31-128a (5) of the Connecticut General Statutes.
Michael Sacco was terminated by the plaintiff on December 8, 1995, and filed a claim for unemployment compensation, which the employer contested.
An examiner found the claim valid, and Associate Appeals CT Page 2965 Referee Charles Dearborn sustained the decision of the examiner.
The employer appealed to the Employment Security Review Board, which affirmed the decision of the referee in a 2-1
decision, from which the employer appealed.
The appeal was heard on February 27, 1977.
The issue, as properly framed by the Employment Security Review Board, is whether the refusal of Michael Sacco to sign the employer's accident analysis form was a knowing violation of a uniformly enforced policy, when reasonably applied to the claimant.
This case involves a discharge from employment occurring after October 1, 1995. It is therefore governed by Section31-236, as amended by Public Act 95-323, section 3.
After October 1, 1995 a single act of wilful misconduct may result in a termination, rather than "repeated wilful misconduct," the standard which applied prior to October 1, 1995.
Public Act 95-323 defines wilful misconduct as follows:
 "deliberate misconduct in wilful disregard of the employer's interest, or a single knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied."
Preciously, wilful misconduct had been defined as:
 "an intentional violation of a duty or obligation reasonably owed by the employee to the employer as a condition of employment."
Although Public Act 95-323 varied the language of the statute, both the revised language and prior case law recognize that the breach of a rule by one who knows at the time he is breaking a rule, is a wilful breach, and is sufficient to constitute wilful misconduct. Bigelow Co. v. Waselik,133 Conn. 304, 308-309 (1946); Sharkiewicz v. Cushman Church Co.,11 Conn. Sup. 221, 224 (1942); Bailey v. Administrator,3 Conn. App. 494, 495 (1985). CT Page 2966
When reviewing an unemployment compensation appeal, the court will not try the matter de novo. Guevara v. Administrator,172 Conn. 492, 495 (1977). It is bound by the findings of subordinate facts and reasonable factual conclusions made by the referee, when the Board of Review adopted the decision of the referee.Howell v. Administrator, 174 Conn. 529 (1978); Bartlett v.Administrator, 142 Conn. 497 (1955); Lanyon v. Administrator,139 Conn. 20, 28 (1952).
However, conclusions of law reached by the referee and the Board of Review cannot stand, if the court determines that they resulted form an incorrect application of the law to the facts found, or could not reasonably and logically follow from such facts. Although the court may not substitute its own conclusions for those of the Board of Review, its ultimate duty is to determine whether the referee and the Board of Review acted unreasonably, arbitrarily, or illegally. DeSilva v.Administrator, 175 Conn. 562, 564 (1978).
The question, therefore, is whether the conclusions reached by the Board of Review find support in the record, and whether the Board of Review properly applied the law to the facts found.
The Board found that the rule requiring an employee to sign the accident analysis form was unreasonable.
It provided two reasons for that conclusion in its decision: 1) it is unreasonable to force an employee to sign a report with which he disagrees, and 2) signing the report could be construed as an admission, which could create "adverse legal consequences" for the employee in the future.
Neither finds any justification in the record, or in the manner the specific rule was applied to Michael Sacco.
The record, as well as the presentation by counsel at trial, does not support the claim that Michael Sacco was compelled to sign a report with which he disagreed.
The accident analysis form contains a section for "comments," where any disagreements, opinions or thoughts of a team member may be inserted.
Furthermore, the employer, in this case, provided the claimant with an opportunity to write his own report, an option CT Page 2967 he failed to exercise.
The record further reveals that the employee did not refuse to sign the report because he disagreed with its contents. Instead, Michael Sacco stated that he refused to sign the form "because the company refused to give me a copy."
Although the employer might have included a disclaimer on the form, indicating that the signature of a team member did not imply agreement with all of the report's findings, there is no basis for concluding that Michael Sacco was forced to sign a form which contained information he did not endorse.
The record is also barren of any evidence suggesting that Mr. Sacco refused to sign the form because of unspecified "adverse legal consequences" in the future.
This case concerns an injury sustained during the course of Mr. Sacco's employment. There is no indication in the record, and no claim was made by counsel for the defendant Administrator, that any cause of action existed against a third party, consistent with Section 31-293 of the General Statutes.
Worker's Compensation is Mr. Sacco's exclusive remedy.
Even if a cause of action against a third party existed, the interest of the employee seeking money damages, and that of the employer seeking to enforce a lien for sums paid under the Worker's Compensation Act, would be identical.
Because there is no evidence to support the Board of Review's conclusion that Michael Sacco was compelled to overtly or tacitly admit to facts or conclusions with which he disagreed, any "adverse legal consequences" could only result from the employee's voluntary actions, not from any rule or policy promulgated by the employer, George Schmitt and Co., Inc.
The Board of Review further stated that the burden of establishing the reasonableness of a rule or policy is on the employer (footnote 4, Board of Appeals decision). Counsel for the Administrator abandoned this claim at trial, conceding that the burden is on the party seeking to demonstrate that a rule is unreasonable, either on its face or as applied to the facts of a particular case. CT Page 2968
Here, the challenge, according to counsel for the Administrator, is to the rule, as applied to Michael Sacco, based upon the unique facts and circumstances of this case.
The record demonstrates, without contradiction, that Michael Sacco knew of his employer's rule requiring all members of an Accident Investigation Team to sign the report. He knew he was breaking the rule by failing to sign the report. The intentional violation of a known rule, constitutes wilful misconduct.Bailey, Supra.
Nor is there any evidence or suggestion that the employer used this rule as a pretext, in order to terminate an injured employee. By resorting to progressive discipline, and providing an invitation to Michael Sacco to submit his own report, George Schmitt Co., Inc. did not act in a rash or Draconian fashion. Termination occurred only after repeated refusals by Michael Sacco to sign the Accident Investigation Team report.
The appeal of the plaintiff, George Schmitt Co., Inc. is SUSTAINED.
Dale W. Radcliffe, Judge