## JOHN MOSTACCIUOLO *vs.* THE AMERICAN IRON WORKS COMPANY.

Third Judicial District, New Haven, June Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 2d—decided July 14th, 1931.

*Frank W. Daley,* for the appellant (plaintiff).

*Thomas J. Ryan,* with whom, on the brief, were *Joseph J. Massa* and *Elmer W. Ryan,* for the appellee (defendant).

BANKS, J. On October 23d, 1929, the plaintiff, in the course of his employment by the defendant, fell and broke five ribs. In a finding and award filed December 10th, 1929, the commissioner awarded him compensation for the period of six and six sevenths weeks, and decreed that any further claim for compensation should depend upon his ability to do light work. A further hearing was had on January 8th, 1930, and a supplemental finding and award filed in which the commissioner found that, after the first hearing, the

plaintiff returned to the employ of the defendant and was furnished with work which he could do when the defendant had work, that thereafter the defendant had work which the plaintiff could do but he had not been to the shop to see whether there was work or not, and that he was able to do any work which he had actually tried. The commissioner thereupon denied his claim for further compensation without prejudice to his right to show in the future that he was incapacitated on account of the injury. After a further hearing a second supplementary finding and award was filed on February 26th, 1930, in which it was found that X-ray pictures taken January 14th, 1930, showed all the broken ribs healed except one, that further pictures taken February 17th, 1930, showed healing in the remaining rib, and that, while the unhealed rib might cause some pain, the condition was not such that it would have caused inability to work. The commissioner thereupon found that the situation was practically the same as that set out in the award of January 8th, that the plaintiff had made no attempt to get work since that award, and dismissed his claim for further compensation.

The appeal is from the judgment of the Superior Court affirming the award of February 26th. The single question presented is that involved in the commissioner's conclusion that the plaintiff's condition was not such as should have caused inability to work after the date of the original award. The question of the plaintiff's ability to work was one of fact, and the commissioner's finding is conclusive unless it has no reasonable support in the evidence, or is one that could not reasonably and logically follow from the subordinate facts found. The extent to which the broken ribs, and more particularly the fourth rib, had healed was in dispute. Two X-ray pictures were

taken, one on January 14th and another on February 17th. The commissioner's finding that the picture taken January 14th showed all the ribs healed except one, and that the picture of February 17th showed healing in the remaining rib, was attacked in the appeal to the Superior Court, but that court left it in the finding. The court did however correct the finding of the commissioner by adding thereto a paragraph of the plaintiff's motion to correct to the effect that the picture of January 14th showed the fourth rib "not healed, widely separated, and in poor position," and that of February 17th showed that "complete union had not taken place in the second, third and fifth ribs." This is not inconsistent with the commissioner's finding that the pictures taken January 14th showed all the ribs healed except one, since he evidently used the word "healed" in the sense of immobilized by the healing process and the trial court must have so interpreted it. This finding is fully supported by the testimony of the plaintiff's witness, Dr. Mac-Nish, the X-ray expert. Though, as all the experts testified, the fourth rib was not completely healed, the question still remained as to the plaintiff's ability to work with the rib in that condition. The finding that the unhealed condition of the rib did not cause inability to work was supported, not only by the evidence of the physician produced by the defendant, but by that of two of those produced by the plaintiff, who all testified that it would not prevent him from doing light work. No further correction of the finding could justifiably be made, and the conclusion of the commissioner was not inconsistent with the subordinate facts found.

There is no error.

In this opinion the other judges concurred.