Mario Tarascio *vs.* S. C. Poriss Company et al.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued December 9th, 1932—decided January 31st, 1933.

*M. Joseph Blumenfeld,* with whom, on the brief, was *David R. Woodhouse,* for the appellant (plaintiff).

*William S. Locke,* with whom, on the brief, was *Ralph O. Wells,* for the appellees (defendants).

PER CURIAM. The plaintiff was originally awarded compensation for total incapacity. On March 10th, 1931, on a hearing had apparently upon a motion of the defendants' to modify the award, they were ordered to continue to pay it, but the plaintiff was directed to seek some employment suitable to his capacity. The matter coming before the commissioner again in March, 1932, he has found that the plaintiff had made no particular effort to find work, being encouraged in a course of virtual idleness by his wife and a social service agency; that his injury, to a vertebra, has healed very satisfactorily; that he might be able to return to his former work as hodcarrier, although this could not be determined except by his trying it and his former employer had never offered him work of this kind; and that, giving the plaintiff the benefit of every doubt, "he has at present an impairment of earning capacity in the amount of twenty per cent, that is, that he is eighty per cent recovered." The commissioner accordingly found that eighty per cent of the average weekly wage before the injury set forth in the voluntary agreement for compensation, represented his earning capacity as found upon the medical evidence offered, and awarded him one half the difference between this sum and that average weekly wage, that is, $4.18 per week.

The statute provides that in the event of partial incapacity an employee is to receive one half the difference between his average weekly wage before the injury and "the amount he is able to earn thereafter."

General Statutes, § 5237. Where, after an injury, an employee earns as much as his physical condition will reasonably permit, the difference between the sums so earned and his average weekly wage before the injury affords a fair and proper basis upon which to measure the compensation to which he is entitled. But the actual amount that an employee earns after an accident is by no means always a fair measure of his earning capacity. He may fail to earn more, not because of the physical disability resulting from the injury, but "through malingering, or because of incompetency or sickness unconnected with the special injury, or unemployment due to slackness in the demand for labor owing to business conditions;" he may fail in his duty to exercise reasonable diligence to obtain employment or to use such powers as remain to him. *Reilley* v. *Carroll,* 110 Conn. 282, 286, 147 Atl. 818; *In re Behrens,* 176 N. Y. Sup. 28, 30. Where a commissioner is confronted with such a situation, it is necessary for him to determine the actual earning ability of the employee as best he can from the evidence offered to him, particularly the testimony as to his actual physical condition and the evidence of experts as to its effect upon his earning powers. *Rakiec* v. *New Haven Wrecking Co.,* 112 Conn. 432, 434, 152 Atl. 401; *Mostacciuolo* v. *American Iron Works Co.,* 113 Conn. 532, 534, 155 Atl. 636. This was the course adopted by the commissioner in this case upon grounds which we cannot find to be unjustified. His conclusion that there was only twenty per cent impairment of earning power remaining must therefore stand, and it is a proper basis for the award he has made.

There is no error.