JOHN FERRARA *v.* THE CLIFTON WRIGHT HAT COMPANY ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued December 8, 1938—decided January 5, 1939.

*Lazarus S. Heyman,* with whom, on the brief, was *Louis Katz,* for the appellant (plaintiff).

*Philo C. Calhoun,* for the appellees (defendants).

HINMAN, J. As a result of employment in the "wetting down" department of the named defendant's hat factory the plaintiff developed dermatitis causing incapacity on May 29, 1936. He was paid compensation for total disability, first under a voluntary agreement and afterward under a finding and award, until January 29, 1937. Subsequently he filed a motion for further compensation, but it was denied on the ground that he has been, since January 29, 1937, and now is, able to work. In response to a motion to correct, the commissioner amended the finding by adding that the plaintiff has a susceptibility to a recurrence of the dermatitis upon being subjected to mercury, formic acid, or similar irritants but found, also, that he is qualified to work outside the hatting industry where

he would not be so subjected. It was also added that the plaintiff has made diligent effort to obtain employment outside of the hatting industry but has not succeeded. A further requested finding that by reason of the susceptibility to dermatitis the plaintiff's earning capacity has been permanently impaired or destroyed, was denied. The refusal to so find and to award further compensation was the principal point on the appeal to the Superior Court, which was dismissed, and the only one on this appeal, the plaintiff contending that he has been rendered unable to continue to work as a hatter and since he has made diligent but fruitless search for other work he should not be denied further compensation because he is still able to do other work if he could find it.

While no finding was made or requested specifically stating that the plaintiff's present susceptibility to a recurrence of pathological dermatitis is attributable to that which was incurred during his employment it is a fair inference from the facts found, and lessened earning capacity, if caused thereby, would be compensable under § 5237 of the General Statutes on the basis of "half of the difference between his average weekly earnings before the injury and the amount he is able to earn thereafter." *Santini* v. *Levin*, 110 Conn. 248, 254, 147 Atl. 680. "Able to earn" as there used is to be construed as meaning, as least as to one not actually employed "thereafter," the amount he is capable of earning if employed—the equivalent of earning capacity. *Jordan* v. *Decorative Co.*, 230 N. Y. 522, 525, 130 N. E. 634.

The difficulty with the plaintiff's case on the present record lies in a lack of evidence as to effect of his susceptibility upon his earning capacity such as to require a finding on that subject which would entitle him to an award. In order to be compensable, destruction

or impairment of earning capacity must be due to conditions resulting from the specific injury and not to other reasons unconnected therewith. *Reilley* v. *Carroll*, 110 Conn. 282, 286, 147 Atl. 818. "Failure to find work is . . . no ground for compensation if the failure has its origin in general business conditions, the slackness of the demand for labor . . .; [it] stands upon a different basis when the labor is unmarketable because of the condition of the laborer." *Jordan* v. *Decorative Co.*, supra, 525. A finding that a workman has been unable to earn anything must be supplemented by a further finding that the inability was due to his injury, and while inability to obtain work by the exercise of due diligence is evidential it is not so conclusive as to require a finding of incapacity. *Reilley* v. *Carroll*, supra, 286. The evidence must be such as to show that inability to obtain work and earn wages, or diminished earning capacity, exists "not by reason of any change in market conditions, but because of a defect which is personal to himself and which is the direct result of the injury that he has sustained." *Sullivan's Case*, 218 Mass. 141, 143, 105 N. E. 463. The defect itself may be so significant as to lead to that conclusion, such as the extensive impairment of vision in *Reilley* v. *Carroll*, supra, the loss of an arm in *Sullivan's Case*, supra, and the loss of all fingers except one on each hand in *Septimo's Case*, 219 Mass. 430, 107 N. E. 63. But, as the trial court aptly remarked in the memorandum of decision, to require an employer to pay full compensation for inability to obtain employment by reason of slackness in demand for labor "would be going into the field of employment insurance rather than workmen's compensation."

The evidence was not such as to require a finding of total incapacity, although had it been made it might have been sustainable, as in the cases just mentioned

and in *Jordan* v. *Decorative Co.,* supra. Even if the finding be construed, as it may be, as meaning that the plaintiff because of the original dermatitis and consequential continuing susceptibility to recurrence is unfitted for employment in the hatting industry but is qualified for other work outside that occupation and to be regarded as incapacitated to that extent, in order to justify an award for partial incapacity it was necessary for the commissioner to have evidence justifying a finding as to the extent of that incapacity and consequent loss of earning ability. *Tarascio* v. *S. C. Poriss Co.,* 116 Conn. 707, 709, 164 Atl. 206; *Rakiec* v. *New Haven Wrecking Co.,* 112 Conn. 432, 434, 152 Atl. 401. Where, as here, no evidence of actual earnings after the injury is available, the evidence of qualified witnesses as to the effect of the party's actual physical condition upon his earning powers is appropriate. *Tarascio* v. *S. C. Poriss Co.,* supra, 709. The commissioner had no evidence before him from which he could find the plaintiff's present earning power and make an award for partial incapacity.

There is no error.

In this opinion the other judges concurred.