*Motion for new trial sustained.*
*Exceptions sustained.*

St. Pierre's Case.

Androscoggin.   Opinion, August 3, 1946.

*Berman & Berman,* for employee.

*William B. Mahoney,* for employer.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MURCHIE, TOMP-KINS, FELLOWS, JJ.

MURCHIE, J.   The employee herein has taken an appeal from the decree of a justice of the Superior Court entered pursuant to an award of the Industrial Accident Commission made on a Petition for Review of Incapacity filed by her employer as authorized by R. S. 1944, Chap. 26, Sec. 38. The petition is dated September 17, 1945, and the award was made on October 23, following a hearing held on October 15, 1945. The petition will be referred to hereafter as the Second Petition because the compensation which was being paid for partial incapacity when it was filed was based on an award made by the Commission on a similar petition filed while the employee was drawing compensation for total incapacity. That petition will be referred to hereafter as the First Petition.

The copy of the agreement which appears in the record does not show that it was approved by the commissioner of labor and industry, as R. S. 1944, Chap. 26, Sec. 32 requires, but compensation was paid under it until July 21, 1944, and was terminated by the award on the First Petition. The award on the Second Petition recites that compensation shall be paid to and including

October 15, 1945, at a rate which is that fixed in the earlier award, and that further compensation shall be paid:

> "only after hearing upon a petition to be filed by the employee after sustained efforts to work in a remunerative occupation and demonstrated earning capacity or lack of one."

The record contains a copy of the First Petition and the award thereon. The latter and the cross-examination of the employee at the hearing on the Second Petition disclose that the doctors who had examined her prior to the first hearing and the physician who testified at the second believed her capable of doing "light" work and that it would be for her advantage to re-engage in employment of some sort, or make the attempt. The award is designed to compel her to do so to provide a yardstick for the accurate measurement of her partial incapacity.

The issue is the propriety of such an award. In testing it the circumstances of the accident, the injuries and the compensation paid are unimportant. The Workmen's Compensation Act fixes the time when compensation shall commence and establishes alternative bases for determining the amount of it, i.e., agreement between the parties or award of the Commission on petition. It provides a fixed basis for measuring the amount when the incapacity of the employee is total, R. S. 1944, Chap. 26, Sec. 11, and a yardstick for the measurement of it when the incapacity is partial, R. S. 1944, Chap. 26, Sec. 12. That yardstick requires factual finding of the difference between the earnings of the employee before an injury and his ability to earn thereafter. While compensation is being paid, under either an agreement or an award, a review of incapacity is available on the petition of either an employee or an employer, and such a review may be had on the petition of an employee after compensation has been discontinued by decree or approved settlement receipt. R. S. 1944, Chap. 26, Sec. 38.

The parties recognize that the issue is as stated. The appellee

meets it squarely by asserting that the authority to make such an award has been recognized in this jurisdiction and in Connecticut. The assertion is made in reliance on the decisions in: *Ray's Case,* 122 Me., 108, 119 A., 191, 33 A. L. R., 112; *Connelly's Case,* 122 Me., 289, 119 A., 664; *Milton's Case,* 122 Me., 437, 120 A., 533; *Foley* v. *Dana Warp Mills et al.,* 122 Me., 563, 119 A., 805; *Hustus' Case,* 123 Me., 428, 123 A., 514; *Reilley* v. *Carroll et al.,* 110 Conn., 282, 147 A., 818; *Tarascio* v. *S. C. Poriss Co. et al.,* 116 Conn., 707, 164 A., 206; and *Ferrara* v. *Clifton Wright Hat Co. et al.,* 125 Conn., 140, 3 A., 2d, 842. Several of these indicate that the willingness of an employee to return to work and his diligence in seeking employment, or the lack of it, are elements for consideration in determining the ability to earn which measures compensation for partial incapacity, but none of them support the principle for which they are cited.

The issue is where the burden of proof lies. The words "burden of proof" appear in only two of the cases cited. The reference to it in *Milton's Case,* supra (122 Me., 437), is not helpful, although it may be said to recognize that an employer seeking a review has the burden of establishing factually that his employee's incapacity has diminished (or ended). *Connelly's Case,* supra (122 Me., 289), declares this with entire definiteness. Thereafter it uses the language which the appellee quotes to sustain its position and which we requote in part:

> "When a petitioner for review has shown an ability to . . . work . . . he has sustained the burden upon him as the moving party . . . . It then . . . becomes the burden of the employee to meet this by showing he has used reasonable efforts to obtain . . . work and failed . . . ."

Its meaning and effect can be determined most accurately by bearing in mind that the proceeding was a petition for review filed by the employer while compensation for total disability was being paid and that the award was for the continued payment of

it on the ground that the employee was unable to do the kind of work he was doing when injured. The allegation of a petition for review is that:

> "the incapacity for which the employee is being compensated has diminished or ended."

The decision in *Connelly's Case*, supra (122 Me., 289), declares that the employer met the burden of proving the allegation that total incapacity had ended. The contrary finding was held erroneous but there was no decision that the employee had the burden of proving the extent of his partial incapacity. The mandate recommitted the case to the commission for determination, with or without further hearing, whether the employee had:

> "any capacity to earn and if so, the extent of his disability ... due to his injury."

This carries recognition of what the Connecticut court, in the *Tarascio Case*, supra (116 Conn., 707, 164 A., 206), declares is the duty of the trier of facts in compensation cases, namely:

> "determine the actual earning ability of the employee."

That duty is imposed on the Industrial Accident Commission under our law. The requirement of the statute is that an employer pay compensation to an injured employee during partial incapacity in an amount representing a percentage of the difference between his earnings before injury and what he is able to earn thereafter. The appellee's brief declares that one of the issues to be resolved is "Did the Commissioner err in making findings of fact without evidence?" He did not. His error was in failing to find a fact essential to the proper disposal of the petition before him.

The case must be recommitted to the Industrial Accident Commission to determine the compensation to which the employee is entitled, as was done in *Milton's Case*, supra (122 Me..

437). That determination must be made on the present record since it relates to the employee's ability to earn on September 17, 1945, and the petitioner closed its case on medical testimony that the employee was physically able to do "light" work and had made no effort to secure it.

*Appeal sustained.*
*Decree of sitting justice reversed.*
*Case recommitted to the Industrial Accident Commission for further proceedings.*