AMBROSE DALEY v. PARKVILLE COAL COMPANY ET AL.

SUPERIOR COURT          HARTFORD COUNTY          FILE No. 83457

Memorandum filed May 1, 1950.

*Hoppin, Carey & Powell*, of Hartford, for the Plaintiff.

*Francis J. Moran*, of New Haven, for the Defendants.

ALCORN, J.   The respondent insurer claims to be hurt by the award to the extent of $48.76.  Paragraph 5 of the finding is based upon the commissioner's own statement at the hearing rather than upon evidence offered; and paragraph 6 is his interpretation of the applicable statute rather than a finding of fact.   The essential facts, however, appear elsewhere in the finding.

The claimant was a trainee receiving a subsistence allowance of $28.44 per week from the United States for war service.  He was also receiving a weekly wage of $29.90 from the respondent employer.   Under a voluntary agreement approved by the commissioner he was entitled to receive compensation for three and three-sevenths weeks of total disability at the rate of $29.17 per week.  This was computed at one-half the total of his weekly pay and his subsistence allowance.   General Statutes, Sup. 1949, § 619a.   Thereafter the respondent insurer failed to pay in accordance with the voluntary agreement because, during the period of disability, the claimant continued to receive his subsistence allowance for war service.

The respondent insurer's claim is that the claimant is entitled only to compensation at the rate of one-half the difference between $58.34, his average weekly earnings (including subsistence allowance) before the injury, and $28.44 (his weekly subsistence allowance) received thereafter during the period of disability.

The effect of this claim is to treat the subsistence allowance as though it were wages earned, entitling the claimant to compensation for partial incapacity rather than total incapacity. "If any injury . . . shall result in total incapacity to work" the

employee is entitled to half his average weekly earnings at the time of injury. § 617a. On the other hand "if any injury . . . shall result in partial incapacity" the employee is entitled to half the difference between "his average weekly earnings before the injury and the amount he is able to earn thereafter." § 618a. Compensation under our act is based on loss of earning power. *Rossi* v. *Jackson Co.*, 117 Conn. 603, 606. Total incapacity to work means the destruction of the employee's capacity to earn in his customary calling or in any other occupation which he can reasonably pursue. *Clark* v. *Henry & Wright Mfg. Co.*, 136 Conn. 514, 516; *Osterlund* v. *State*, 135 Conn. 498, 505. The actual earning ability of the employee is the material consideration and is a question of fact for the determination of the commissioner. *Tarascio* v. *Poriss Co.*, 116 Conn. 707, 709. No claim is made in this case that the plaintiff was not totally incapacitated for the three and three-sevenths weeks period. No claim is made that his subsistence allowance represents any "amount he is able to earn" during that period. On the contrary it is a "subsistence allowance" granted him by his government because of his war service.

The statute provides "When the injured employee is a trainee or apprentice receiving a subsistence allowance from the United States because of war service, such allowance shall be added to his actual earnings in determining the average weekly wage." § 619a. This was done. Neither in fact, nor as a matter of statutory construction, is there any basis for an interpretation that this allowance represents an "amount he is able to earn" during the period of disability. The commissioner was correct in refusing to deduct it.

The appeal is dismissed.