MURPHY, J.
 

 At first, I was inclined to go along with the defendant in his contention that the commissioner had erred in his conclusion that the plaintiff was still totally disabled. His doctor gives him a 10 per cent permanent partial disability and has advised light work without lifting or bending.
 

 The defendant is unable to place him on that type of work because no jobs are available and preference in hiring must be given to others who have been laid off. The plaintiff testified that he sought light work at other plants. At Union Mfg., Trumbull Electric Co., Tuttle and Bailey and Underwood he was told that there was no work. At Corbin Screw, Russell
 
 &
 
 Erwin, Marlin Rockwell and Royal Typewriter he was informed that their own employees who had been laid off would be hired first and therefore there was no work for him.
 

 If that was all of the evidence, it would appear that the plaintiff’s inability to obtain employment was due to economic conditions and not to employers’ reluctance to hire a person who has a disability.
 
 Clark
 
 v.
 
 Henry & Wright Mfg. Co.,
 
 136 Conn. 514.
 

 But on cross-examination the plaintiff testified that he was told that there was no work after the employment officials had read the doctor’s letter setting out the nature of the disability and the type of work for which he was capable. There was, therefore, very skimpy, though sufficient evidence to uphold the commissioner’s finding that due to his injury his physical condition is such that in the exercise of reasonable diligence he cannot find an employer who will employ him and therefore he is
 
 *470
 
 just as much incapacitated as though he could not work at all.
 
 Osterlund
 
 v.
 
 State,
 
 135 Conn. 498, 506. Such evidence as there is, is there and so long as the commissioner believes it, his conclusion must hold.
 

 The appeal is dismissed and the award is sustained.