Hillsborough, } No. 3935.
Nov. 8, 1950. }

SADIE A. ZEADY *v.* ARMS TEXTILE MANUFACTURING COMPANY.

*Chretien & Craig* and *John W. King* (*Mr. King* orally), for the plaintiff.

*Alvin A. Lucier* and *Normand R. Pelletier* (*Mr. Lucier* orally), for the defendant.

BLANDIN, J. The plaintiff claims she is totally incapacitated from working at any gainful occupation and that the Court's finding, in effect, that she is able to work at some place other than the defendant's plant is unwarranted. This contention cannot be upheld. Laws 1947, c. 266, s. 21, which governs this case provides in substance that to be eligible for compensation the workman must be disabled "for work at any gainful occupation . . . " and that "payments shall not

continue after the disability ends . . . " Dr. Norton, an expert called by the plaintiff in answer to the question "You don't feel that this woman is disabled from work, do you?", replied "No, only at Arms Textile." Again, he was asked "Suppose she went to work now as a spinner in any of the many textile plants in Manchester, unless she is allergic to some substance she can work all right, without any trouble?", he answered, "Oh, yes." The Court had opportunity to observe the plaintiff on the stand and heard evidence as to her employment history and capacity for work. The finding that the plaintiff is able to work at some place other than the defendant's mill was warranted by the evidence. *Dowling* v. *Shattuck*, 91 N. H. 234, 240-243. The words of our statute are plain and the ruling that the plaintiff is not entitled to compensation after the time when she is not disabled "for work at any gainful occupation" must be upheld. *Manock* v. *Company*, 86 N. H. 104, 107. See also, *Clark* v. *Henry & Wright Mfg. Co.*, 136 Conn. 514.

This disposes of the plaintiff's exceptions and we turn now to the defendant's claim that there was no evidence to support the award of compensation for disability after September 21, 1948. Here again we believe the record sustains the Trial Court. While the evidence is somewhat conflicting there is testimony that the plaintiff tried several times after May 1, 1948, to return to her work and each time she broke out with a rash, severe itching, swelling and generally such great discomfort that she had to leave her work and go home for treatment, being confined to her bed on occasion. In October, 1948, she had itching "rather consistent and severe." There was testimony that she "never completely cleared up." An expert called by the plaintiff testified that on March 15, 1949, the day before the hearing on her petition, "she had areas of eruption of her skin and face, breasts, ears, abdomen . . . she is still having trouble." He testified this was caused by her work at the defendant's plant. On all the evidence we cannot say the Court's finding that her disability continued until April 1, 1949, and his award based on this finding were unreasonable and the defendant's exceptions thereto are overruled. *Vallée* v. *Company*, 89 N. H. 285.

Finally the defendant argues that the Court erred in ruling that if the plaintiff went to work at some other mill and "the dermatitis should again recur a petition for modification of this decree will be in order under the provisions of section 38" of chapter 266 of the Laws 1947. This section, so far as material here, is in substance that a party may petition the court within a limited time to review an award and increase, diminish or end it upon the ground of change in conditions

or mistake as to the extent or nature of the disability. The defendant claims that upon the evidence here any fresh out-break of the plaintiff's skin ailment would be a new injury and not a recurrence of the old one, and therefore, it would not be liable for it. This contention cannot be decided unless and until a petition for modification be brought by the plaintiff. The statute allows such petitions to be brought not later than one year from the date of the "last payment fixed by the award." This right the plaintiff would have in any event and the ruling objected to cannot affect the rights of either party. It is not to be presumed that the Court intended to imply in its ruling any extension of the one year limitation, which of course it had no authority to do. If the plaintiff brings such a petition within the statutory period the Court will decide upon the evidence then presented whether there be a new injury for which the new employer might be liable or a recurrence of the present injury for which this defendant must answer. In any event no prejudice exists and the defendant takes nothing by its exception. The order is

*Decree affirmed.*

All concurred.