69 N.J. Super. 208 (1961)
174 A.2d 89
JOSEPH SILKE, PETITIONER-APPELLANT,
v.
HERBERT WALTER, D/B/A WALTER FURNITURE & REPAIR SHOP, A/K/A THE WALTER'S, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 22, 1961.
Decided July 3, 1961.
*209 Before Judges PRICE, GAULKIN and SULLIVAN.
Mr. William R. Gilson argued the cause for the appellant (Messrs. Kentz, Kentz & Gilson, attorneys).
Mr. Guy H. Haskins, Jr., argued the cause for the respondent (Messrs. Skeffington, Haskins & Robottom, attorneys).
PER CURIAM.
In this workmen's compensation case, petitioner appeals from the refusal to allow him an increase of compensation, over the award granted him in 1955.
The physical condition of petitioner's hands is no worse  indeed, apparently better  than in 1955. The theory upon which petitioner bases his demand for an increase of the award is that (a) his doctor did not know, or testify, in 1955 that he had become permanently sensitized to wood finishing materials and that he would always be allergic to them, and therefore petitioner neither claimed nor was compensated for this sensitivity but only for the physical effects present in 1955; (b) that sensitivity has made it impossible for him to resume the only occupation for which he is fitted by training, education and experience; (c) this, plus his age, makes him virtually unemployable, and hence disabled to at least the two-thirds of total testified to by Dr. Shapiro. Therefore, says petitioner, he should be compensated for the difference between the award made in 1955 and his present disability.
We agree with the Deputy and the County Court that the testimony does not support petitioner's burden to prove these things. The County Court opinion is reported in 65 N.J. Super. 36.
*210 As to the insufficiency of the proof of (a) we would add only the following to what the County Court said in its opinion. The evidence is that the dermatitis first appeared in 1951, following "some six weeks continuous use of paint and varnish remover." Petitioner stayed away from work for about three weeks and, when he returned, he did not resume the intensive use of the paint and varnish remover. Instead, he took precautions to avoid direct contact with it as much as possible. Nevertheless the dermatitis persisted until 1953, when petitioner left respondent's employ. Then the dermatitis abated.
We do not have the testimony on which the 1955 award was based. In the light of the foregoing facts it is impossible to assume, as petitioner would have us do, that the 1955 case was presented or compensation allowed on the theory that the allergy was gone and that the dermatitis would not reappear when petitioner used such materials again.
With this addition, we are in substantial accord with the opinion of the County Court, and no purpose would be served by restating what is contained therein.
The judgment is affirmed.