OTTO WUNSCH *v.* THE STANLEY WORKS ET AL.

BROWN, JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued February 9—decided August 15, 1950

*Harold K. Watrous*, with whom were *Marshall Feingold* and, on the brief, *Daniel G. Campion*, for the appellants (defendants).

*Otto Wunsch*, pro se, the appellee (plaintiff).

BROWN, C. J.   From a finding and award by the workmen's compensation commissioner in favor of the plaintiff for an injury sustained October 21, 1948, the defendants, his employer and its insurer, appealed to the Superior Court, which dismissed the appeal and affirmed the award.   The defendants have appealed to this court.   We summarize the material facts contained in the commissioner's finding, which is not subject to correction.

Compensation was paid to the plaintiff for total incapacity until he returned to work November 28, 1948,

pursuant to a voluntary agreement which recited the injury as "amputation of little finger, left, and laceration on stub of ring finger, left." Prior to the injury, in an accident years ago, the plaintiff had lost practically all of the first, second and third fingers on the left hand so that only small stubs of these members remained. His little finger, however, was intact, and by the use of the little finger and the thumb he was able to do a steel rolling job and earn, according to the voluntary agreement, $81.05 per week. When he returned to work, because of the loss of practically all of the little finger in the accident which gave rise to the voluntary agreement, he was no longer able to use the hand as he had used it before. He was therefore transferred to another job, where he is now making $53.68 per week.

The commissioner further found that the plaintiff suffered a permanent partial disability accompanied by a permanent partial loss of earning power and awarded him, from November 28, 1948, when the maximum improvement was reached in the injured finger, $13.68 per week, subject to the statutory limitation and to proper modification if changed conditions in the plaintiffs earning capacity should arise. This sum is the equivalent of one-half the difference between the wages stipulated in the voluntary agreement, $81.05 per week, and the present wage received by the plaintiff, $53.68 per week.

The commissioner's award, made under the provisions of General Statutes, Sup. 1947, § 1371i (Rev. 1949, § 7431), was not one of specific indemnity for the loss of a fourth finger; it was based upon and was for partial incapacity. The question determinative of the defendants' appeal is whether the commissioner had discretion under the statute to make an award for partial incapacity rather than for specific indemnity. The commissioner relied upon the decision of this court in *Oster-*

*lund* v. *State,* 129 Conn. 591, 30 A. 2d 393. We there stated (p. 600): "In the case of a partial loss of function of one of the members specified in the statute, the commissioner is called upon, when the stage of maximum improvement has been reached, to exercise his sound judgment in deciding whether to award specific compensation upon the basis fixed in the statute or to permit the weekly compensation for incapacity to continue." The defendants claim, however, that in the *Osterlund* case, where the injury was a fractured heel, the permanent disability was due to the loss of motion in the foot and not to an amputation of the member, as in the instant case. Thus, in the words of their brief, their contention is: "[W]here the injury causes permanent injury or physical impairment then it is up to the Commissioner to use his sound judgment, but where there is an amputation *he must* follow the schedule under Section 7431. . . . In the case at Bar there is no permanent injury or physical impairment. There is an amputation. The fourth finger is gone — cut off."

This claim, predicated as it is upon a loss of the plaintiff's entire little finger, does violence to the facts as shown by the record before us. While the finding does include the words "because of the loss of practically all of the little finger," the evidence, which we have read in considering the defendants' attack upon the finding, shows that the only and uncontradicted testimony is that but two-thirds of the finger was amputated and that the stub or third phalanx remains. That this is the fact is in effect conceded by the statement in the defendants' brief that the "amputation [was] at the second joint." That a phalanx of the finger remains might constitute a sufficient answer to the defendants' argument if it were literally and strictly construed. However, we deal with the appeal as raising the broader question whether upon the facts found

the commissioner was warranted in exercising his discretion. The decisive question is whether, when the stage of maximum improvement had been reached, the commissioner had no discretion and was restricted to making an award of the specific indemnity prescribed in the statute.

The pertinent provisions of § 7431, which lack that clarity and definiteness so desirable in an enactment of this kind, appear in the footnote, and in quoting, to facilitate reference, we have divided them into three paragraphs.[1]  In substance and in so far as pertinent

---

[1] "COMPENSATION FOR PARTIAL INCAPACITY.  [If a compensable injury] shall result in partial incapacity, there shall be paid to the injured employee a weekly compensation equal to half of the difference between his average weekly earnings before the injury and the amount he is able to earn thereafter . . ., but [for] no longer than five hundred and twenty weeks. . . . With respect to the following-described injuries [specified in (a) to (l)] the compensation, in addition to the usual compensation for total incapacity but in lieu of all other payments for compensation, shall be half of the average weekly earnings of the injured employee, but in no case more than thirty-two dollars or less than nine dollars weekly: . . . (j) for the loss of, or the complete and permanent loss of the use of . . . a fourth finger, twenty weeks. . . . The loss of, or the loss of the use of . . . two phalanges of a finger shall be construed as ninety per cent of the loss of the finger . . . and the loss of the greater part of a phalanx shall be construed as the loss of a phalanx, and shall be compensated accordingly.

"In case the injury shall consist of the loss of a substantial part of a member resulting in a permanent partial loss of the use of the member, or, in case the injury shall result in a permanent partial loss of function, the commissioner may, in his discretion, in lieu of other compensation, award to the injured person such a proportion of the sum herein provided for the total loss of, or loss of the use of, such member or for incapacity or both as shall represent the proportion of total loss or loss of use found to exist. . . . The word 'member' shall include all portions of the human body referred to in subsections (a) to (l), inclusive.

"In case of an injury to any portion of the body, referred to in subsections (a) to (l), inclusive, or to a phalanx or phalanges of the . . . finger . . . the commissioner may, in his discretion, in the manner hereinbefore provided, award compensation for the proportionate loss or loss of use of the member of the body affected by such injury."

in this case, the first paragraph of the statute as so printed was included in the original enactment of the Workmen's Compensation Act, being a part of § 12 of chapter 138 of the Public Acts of 1913. The specific awards provided apply not only to the complete loss of any of the members stated but, in the case of a finger, to the loss of a phalanx or phalanges as well. *Costello v. Seamless Rubber Co.*, 99 Conn. 545, 548, 122 A. 79. The second paragraph was added by the enactment of § 7 of chapter 368 of the Public Acts of 1917. This gives the commissioner, where the injury consists of "the loss of a substantial part of a member," with the consequent specified loss of use or function of the member, or where the injury results in a permanent partial loss of function, a discretion to make an award inter alia of such a proportion of the sum for incapacity provided in the statute as shall represent the proportion of total loss or loss of use found to exist. The third paragraph was added by the enactment of § 7 of chapter 306 of the Public Acts of 1921. This was apparently designed to supplement the second paragraph of the statute by conferring like discretionary power on the commissioner in two additional situations: (1) where the injury involves no "loss of a substantial part of a member" and (2) where no "permanent partial loss of function" results. It is apparent from the terms of the commissioner's finding and award that it was made pursuant to the second paragraph of the statute. While an award under either of the two applicable paragraphs, the first or the second, is exclusive when made, it was for the commissioner upon the facts before him, in the exercise of a legal discretion, to determine which of them to apply in making this award.

The facts were unusual. The previous loss of the plaintiff's first, second and third fingers rendered the loss of his little finger, which otherwise would have

been of relatively minor importance, of serious moment, since it so incapacitated his hand as to result in the direct reduction of his earning power by $27 per week. The hand is a member within the express definition of the statute. Because of the fact that the plaintiff in this case had no other fingers on his hand, the commissioner was justified in concluding that the loss of two phalanges of his fourth finger was the loss of a substantial part of his hand and resulted in a permanent partial loss of function of the hand. When the commissioner became satisfied that the unusual result of the plaintiff's injury was such as to call for the exercise of his discretion under the second paragraph, instead of the awarding of specific indemnity under the first paragraph, he could make his award upon the basis of (1) the loss of, or loss of use of, the hand, (2) incapacity, or (3) both. He made it upon the basis of incapacity, awarding the full amount which the statute prescribes for partial incapacity, that is, at the rate of $13.68 per week, the equivalent of half of the difference between the plaintiff's wages before the injury and the amount he was able to earn after his return to work.

An award on the basis of incapacity was justified. *Reilley* v. *Carroll*, 104 Conn. 569, 576, 134 A. 68. The plaintiff was not entitled, however, to the full amount which the statute prescribes for partial incapacity. By the express terms of the second paragraph, an award, under the circumstances of this case, must be confined to what constitutes "such a proportion of the sum . . . provided for . . . incapacity . . . as shall represent the proportion of total loss or loss of use [of the plaintiff's hand] found to exist." Upon the facts, it is obvious that "the proportion of total . . . loss of use" which resulted from the injury was of far greater consequence than was the loss of the two phalanges per se. The plaintiff was entitled to have the proportion of the sum

provided for incapacity determined upon the loss of use basis. It therefore became incumbent upon the commissioner to find, upon proper evidence, what loss of use of the plaintiff's hand resulted from the loss of the two phalanges of his fourth finger. If, for example, he had 85 per cent of the use of his hand before the accident and but 40 per cent after, the loss of use would be 45 per cent, and upon this basis the maximum award permissible would be at the rate of 45 per cent of $13.68 for the 520-week period provided for in § 7431. In allowing the full amount prescribed for partial incapacity the award was erroneous, and the case must be returned to the commissioner for the determination of the material facts to which we have referred.

The defendants' claim that § 7430 of the General Statutes affected the right of the commissioner to exercise the discretion to which we have referred cannot be sustained, for that section does not apply in cases of partial incapacity, but only in those of total incapacity. *Dombrozzi* v. *Gross & Co.*, 112 Conn. 627, 632, 153 A. 780.

There is error, the judgment is set aside and the case is remanded for the rendition of judgment returning the case to the workmen's compensation commissioner to be proceeded with in accordance with this opinion.

In this opinion the other judges concurred.