In the Matter of the Claim of HELENE ROSENBERG, Respondent, against ELLENVILLE STEAM LAUNDRY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant is the mother of the decedent and has received an award of death benefits. The question involved is her dependency. Decedent was twenty-nine years old, unmarried, and lived with both his parents — claimant and his father. He worked about nine months of the year prior to his death. The record strongly indicates that the husband supported claimant. He was earning some $70 a week take-home pay. This was devoted to family purposes. The claimant's testimony of the support furnished her by the deceased is vague and general. She was unable to remember what money her son gave her except that he "always gave me money". During a particular three weeks while she was in Ellenville she said he did "all my shopping and paid for everything" and "has always paid for my food and stuff". This record does not make a fair showing of the extent of her dependency, if any; and certainly it was not a major dependency in view of the support given the claimant by her husband. Award reversed and claim remitted to the Workmen's Compensation Board for its further proceedings, with costs to appellants against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Imrie, JJ., concur.

■

In the Matter of the Claim of EUGENE BECHLER, Respondent, against HECHT's et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and insurance carrier from an award of the Workmen's Compensation Board which allowed claimant for a 50% schedule loss of use of the left hand. On October 15, 1949, claimant suffered an injury in the course of his employment which resulted in the amputation of his left index finger. In another previous accident claimant suffered injuries resulting in the amputation of the thumb and little finger of the left hand, for which he had received a schedule award of compensation for 45% loss of use of the left hand. The board has found, with evidence in the record to support the finding, that as a result of both accidents claimant suffered a 95% loss of the use of the left hand, and since claimant had already received compensation for a 45% loss of use of the left hand, made an award against appellants for 50% permanent loss of use of the left hand. Appellants filed a claim for reimbursement from the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law, for all payments beyond 104 weeks. This claim for reimbursement was allowed by the board. Appellants urge here that the limitations of subdivision 7 of section 15 are applicable, and that their liability for the later injury is limited to compensation for such injury "when considered by itself and not in conjunction with the previous disability". However, by chapter 872 of the laws of 1945 a proviso was added to subdivision 7, "except as hereinafter provided in subdivision eight of this section." There is nothing in subdivision 8 which limits the power of the board to make an award for permanent partial disability, and the limitations of subdivision 7 do not apply. It was within the province of the board under the facts in this case to make the award which it did. (*Matter of Conway* v. *Aluminum & Brass Co.*, 279 App. Div. 82, affd. 304 N. Y. 571.) Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Imrie, JJ., concur.