In the Matter of the Claim of HIRAM E. WORDEN, Respondent, against GENERAL DROP FORGE CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and its insurance carrier have appealed from a decision of the Workmen's Compensation Board awarding cliamant compensation for a 40% schedule permanent loss of use of his left hand. On June 12, 1951, while working for his employer, claimant's left hand was pinched between two bars of heavy steel, resulting in permanent injuries by way of extension defects at the metacarpal phalangeal joints of the first, second and third fingers of that hand. He had a pre-existing loss of use of the thumb of the same hand caused by a boyhood accident while playing baseball. There was agreement in the medical evidence that the pre-existing thumb injury constituted a 90% permanent loss of that digit and that that injury and the injuries to the fingers in the industrial accident, considered together, resulted in a 40% loss of use of the left hand. It further appeared that the thumb injury accounted for a 35% loss of use of the hand so that the finger injuries

would account for a 5% loss of use of the hand. The board's award was for a 40% loss of use with credit allowed for an amount equivalent to the earlier nonindustrial thumb loss. Appellants contend that subdivision 7 of section 15 of the Workmen's Compensation Law limits their liability to compensation for the injury to the three fingers " when considered by itself and not in conjunction with the previous disability ". That limitation does not apply here. Chapter 872 of the Laws of 1945 added the proviso to subdivision 7, " except as hereinafter provided in subdivision eight of this section." In this instance the award was correctly made under the provisions of subdivision 8, which does not limit the board's power to make an award for permanent partial disability. The board properly ruled that claimant's industrial accident produced a greater effect than the injury resulting therefrom would have caused if claimant had not had the pre-existing thumb condition. (*Matter of Bechler* v. *Hecht's,* 283 App. Div. 901; *Matter of Conway* v. *Aluminum & Brass Co.,* 279 App. Div. 82, affd. 304 N. Y. 571.) This was a schedule loss award, the board's decision noting that, since it was for less than 104 weeks, there was no question of reimbursement from the Special Fund. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Imrie and Zeller, JJ.