■ In the Matter of the Claim of MARY WALLA, Respondent, against ELIZABETH STREIGEL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and insurance carrier from an award by the Workmen's Compensation Board. Claimant and her husband were employed by the appellant Streigel to perform janitorial duties in an apartment house in New York City. Claimant suffered an accident while so employed and it is conceded that her injuries resulting therefrom are compensable. The only question upon this appeal is the wage basis of the award under section 14 of the Workmen's Compensation Law. Claimant and her husband also worked as janitors in an adjoining building. In addition, claimant did housework one day each week for five outside employers. The referee made an award based on claimant's weekly earnings from Streigel and the other janitorial job plus so much of her wages from the work as a domestic as he attributed to work similar to that which she performed as a janitor. The board modified the award to include all the claimant's wages earned as a domestic. On this appeal, the employer contends that none of the claimant's earnings as a domestic should be included in her wage basis for compensation or, in the alternative, that only the amount determined by the referee should be included. As a domestic, claimant washed and waxed floors, dusted and oiled furniture, cleaned rugs, washed and ironed clothes and did some other miscellaneous work. Section 14 of the Workmen's Compensation Law has been interpreted to mean that, if an employee has concurrent "similar" employments, the wage basis is the total of the wages earned in the several employments (*Matter of McDowell* v. *Flatbush Congregational Church*, 277 N. Y. 536; *Matter of Moochler* v. *Herrick & Son*, 272 N. Y. 545; *Matter of Brandfon* v. *Beacon Theater Corp.*, 300 N. Y. 111). On the evidence, the board was justified in finding that the employments were " similar ". Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ.

■ In the Matter of the Claim of EUGENE F. CARPENTER, Respondent, against CHEVROLET-BUFFALO DIVISION of GENERAL MOTORS CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by self-insured employer from a decision and award of the Workmen's Compensation Board. The board found that as the result of an industrial accident claimant sustained a 40% permanent loss of use of the right middle finger; that prior to such accident claimant had a defect of the right index finger equivalent to a 50% loss of use of that finger; and that, due to the accidental injury and the pre-existing defect, claimant has suffered a 22½% permanent loss of use of his right hand. The board thereupon made an award for 22½% loss of use of the right hand, less a 50% loss of use of the right index finger due to the pre-existing condition, for 31.9 weeks. Appellant contends that the award should have been for the conceded 40% loss of use of the right middle finger, entitling claimant to 12 weeks' compensation under the statutory schedule. The medical proof as to the percentage of loss of use of each of the two fingers and as to the resultant percentage of loss of use of the hand was uncontradicted and was adequate to sustain the board's findings. In fact, the respective percentages of loss of use of the fingers were conceded by the employer on its application to the board to review the referee's decision. Upon these facts the decision and award properly followed our holding in *Matter of Worden* v. *General Drop Forge Corp.* (285 App. Div. 910). Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ.