■ In the Matter of the Claim of JENNIE METROS, on Behalf of Herself and Others, Respondent, against KING FURNITURE CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Employer and carrier appeal from an award of death benefits to the mother and eight minor brothers and sisters of the deceased employee as partial dependents, and also appeal from an award of double death benefits because of a finding that the deceased was illegally employed in violation of section 131 of the Labor Law. The referee found that only the decedent's mother was partially dependent. The board has reversed the referee and found that the mother and eight minor brothers and sisters were all partially dependent. The 17-year-old decedent was killed in his employment while he was moving furniture in a freight elevator to the third floor of a warehouse owned by the employer, who was engaged in the retail furniture business. He was crushed between the moving elevator and a wall of the elevator shaft. Decedent had only worked for the employer for nine days when he met his death. Before that he had been unemployed for about three months and had been receiving assistance from the County Welfare Department. Prior to that he had been engaged in other employments and had contributed from his earnings to the family support. Decedent's father had been ill and working only part time when decedent made contributions from former employments, but at the time of this accident and death, the father was working full time and earning approximately $90 per week "take home" pay. A brother of decedent, living with the family, was also earning $40 per week. The large family was also getting some assistance from public welfare. We think the record is unsatisfactory to establish a partial dependency of nine people upon a 17-year-old boy. Proof of dependency rests entirely upon the testimony of the mother, who said she could not maintain the family on the earnings of the father and brother. There is no full disclosure of all resources and expenses. (Matter of Agnew v. Montgomery Ward & Co., 280 App. Div. 1008.) The welfare department must have had a budget for the family. It appears that the only wages received by decedent from this employment were spent for a jacket for himself. The general language of the board in its memorandum decision and formal findings determining that there was partial dependency, with no determination of the extent of, or necessity for, a major dependency at the time of death, is inadequate to support the award. (Matter of McGuinn v. Woolworth Co., 277 App. Div. 1066; Matter of Rosenberg v. Ellenville Steam Laundry, 283 App. Div. 901.) Award reversed, with costs to appellants against the Workmen's Compensation Board, and the matter remitted to the Workmen's Compensation Board for development of the record as to dependency. Foster, P. J., Coon, Halpern and Gibson, JJ., concur.