DREW, Justice.
Petitioner seeks to have reviewed an order of the full commission dated April 19, 1960 by this petition for writ of certiorari which is presented under and pursuant to Article V, Section 4, of the Constitution, F.S.A., of the State of Florida and Rule 4.1, Florida Appellate Rules, 31 F.S.A. The conservator of the Special Disability Fund appears in this cause as Amicus Curiae.
The facts are uncontroverted and the parties are in complete accord that the permanent partial disability of the petitioner as found by the deputy commissioner is 90% of the left hand caused by the accident of April 10, 1959. The record reveals that *415 during World War I petitioner was wounded by an exploding shell in his left hand and, as a result of that injury some years before the present accident date, petitioner sustained the loss of the index finger, the middle finger and the ring finger of the left hand. As a result, petitioner was left with only a fully functioning thumb and fully functioning little finger on the left hand. Over the period of forty years the deputy found and the record so substantiates that petitioner had been able to perform almost all the normal functions of the hand, to the extent he worked in a foundry for sixteen years and later worked as a house painter requiring him to carry forty foot ladders. He could grasp and lift objects, push and pull objects and, by use of the thumb and little finger as a pincher, could hold and manipulate small articles. His regular trade as a carpenter was not hampered and throughout those years he earned wages from many different employers.
On April 10, 1959, petitioner suffered an injury by accident arising out of and in the course of his employment with respondent employer when, while moving a mattress and springs, his left little finger became caught around the spring and was pulled away from his hand, sharply wrenching the little finger and causing injury to the joint of the little finger between the proximal and middle phalanges and to the joint between the base of the little finger and the palm of the hand.
The deputy found that, as a result of the accident of April 10, 1959, the employee is unable to bring his little finger in contact with his thumb and he has completely lost the pincher function which he previously had; that it is now impossible for the employee to grasp either large or small articles; that he has lost the ability to use his left hand for any purpose except as a pusher or as a prop and that he has no more than 10% use of his hand and that the disability is permanent.
The disputed portion of the findings of the deputy which was modified by the full commission and which forms the basis for this review follows:
“7. That the said Claimant has suffered a 100% loss of use of the little finger and a 90% loss of use of the left hand. Prioi to the accident, the loss of the three fingers constituted a functional loss of 50% of the hand. However, from an industrial or earning capacity standpoint, this loss was in fact not disabling at all.
“8. That the injury to the joint at the base of the little finger involves both the little finger and the hand, and Claimant’s disability should be compensated for on the basis of the hand, rather than on the basis of the little finger. Claimant is entitled to the full 90% loss of use of the left hand.”
In modifying the order of the deputy commissioner, the full commission stated in part:
“The total or partial loss or loss of use of a member is a scheduled loss under Section 440.15(3), Florida Statutes. The effect of an injury on a claimant’s earning capacity is not a proper factor in determining permanent partial disability due to a scheduled loss. Noah v. Board of Public Instruction of Orange County, 1956, 1 FCR 372; Ray v. Okeelanta Sugar Refinery, 1957, 2 FCR 289. Accordingly, the deputy commissioner erred in determining that claimant’s pre-existing loss of three fingers did not constitute a disability and therefore all of his present permanent partial disability of the hand is compensable as a result of the injury suffered on April 10, 1959, and in failing to apply the provision of Section 440.02(19), Florida Statutes, that where a pre-existing disease is aggravated by accident only the aggravation of disability reasonably attributable to the accident shall be compensable. To the same end Section 440.15(5) (c), Florida Statutes, provides that an employee who is suffering from a previous disability shall not receive compensation for a later injury in excess of the compensation allowed for such in *416 jury when considered by itself and not in conjunction with the previous disability. * * *
“The principle of apportionment between the pre-existing disability and the disability attributable to a subsequent injury when considered by itself was recognized in Shiver’s Super Store v. Florida Industrial Commission, Fla. [App.] 1958, 102 So.2d 831, wherein the cumulative effect of successive injuries was total loss of use of a hand but compensation for the subsequent injury was determined by deducting the preexisting impairment from the cumulative disability. In Mandel v. Pratt, Fla.1960, 117 So.2d 413, involving two successive injuries to the same part of the body, the case was remanded to the Deputy Commissioner because he failed to recognize the possibility of aggravation and the resultant necessity for apportionment. In the instant case a remand for apportionment is not necessary as the Deputy Commissioner has found on competent substantial evidence that claimant has 90 per cent loss of use -of his hand and prior to the accident had 50 per cent loss of the hand. The doctor who so testified added the logical conclusion that, ‘by subtracting the two, that leaves us with a forty per cent disability due to the last accident.’ If the injury had involved loss of use of the little finger only and not extended to the metacarpus of the hand, claimant’s compensation would have been limited to that provided for loss of use of the finger. However, according to the Deputy’s findings, claimant’s pre-existing 50 per cent loss of his hand has been aggravated to the extent that he now has 90 per cent loss of use of the hand, and it follows that the aggravation of disability reasonably attributable to the accident and therefore compensable, is 40 per cent loss of use of the hand. See Worden v. General Drop Forge Corp., 285 App.Div. 910, 137 N.Y.S.2d 671, app[eal] den[ied] 308 N.Y. 1052, 126 N.E.2d 572; and Carpenter v. Chevrolet-Buffalo Div., GMC, 2 A.D.2d 914, 156 N.Y.S.2d 691, affirmed [2 N.Y.2d XCII] 139 N.E.2d 432.”
 We must now determine whether the full commission properly fulfilled its function with reference to the evidence to support the findings and the law applied to the findings.[1]
That this injury was an injury to a scheduled member is without issue in this review. The pertinent statutory provisions appear below.[2]
A major responsibility of the deputy commissioner was performed when he made a finding of fact on the scheduled anatomical “loss of use” in accordance with the provision of Section 440.15(3) (r, s) and neither the full commission nor this Court can disturb this finding if it is supported by competent substantial evidence and is in accord with logic and reason.[3]
The full commission was correct in upholding that portion of the finding of the deputy commissioner that the claimant has a 90% loss of use of the left hand inasmuch as there was competent substantial evidence to support such a finding. We hold the full commission committed error, however, in *417 amending the mandate of the deputy commissioner so as to make it read:
“Ordered that the said Order of the Deputy Commissioner be and the same is hereby modified by striking the finding that 'claimant is entitled to the full 90 per cent loss of use of the left hand,’ and by amending the first mandate to read:
‘“1. Pay to the said employee compensation for 70 weeks from July 31, 1959, for 40 per cent loss of use of his left hand, less all payments of compensation heretofore made by the employer for this permanent partial disability.’ ”
What the full commission did that the deputy did not do was to credit the war injury residual against the combination of the residuals resulting from both the war injury and the instant industrial accident and their over-all effect on the loss of use of the hand. And how did they arrive at this conclusion? Aside from the rather obvious finding of fact which they made in their review[4] and which per se has been the subject of previous decisions of this Court,[5] they applied legal conclusions to the findings which were without basis insofar as the instant case is concerned.
The full commission in relying upon the two statutory provisions cited below[6] as a basis for its modification was without justification as there are no direct statutory provisions in the Workmen’s Compensation Act of 1957 [7] relating to the aggravation of a non-industrial pre-existing accidental permanent partial disability by subsequent accident arising out of and in the course of the employment, except in those instances relating to reimbursement under the Special Disability Fund. Specifically, the claimant’s condition here does not fall within the purview of Section 440.02(19) since this section relates to the acceleration or aggravation of a pre-existing disease. (Italics ours.)
There is an obvious failure on the part of the full commission to recognize the distinction between those sections of the Work *418 men’s Compensation Act relating to direct compensation benefits payable to the claimant and those benefits secured under what is commonly known as “The Special Disability Fund”. The problem is not complicated. The answer lies in Sections 440.15 (3) (r) and (s), Florida Statutes 1957, F. S.A., which read:
“(r) Total loss of use: Compensation for permanent total loss of use of a member shall be the same as for loss of the member.
“(s) Partial loss or partial loss of use: Compensation for permanent partial loss or loss of use of a member may be for proportionate loss or loss of use of the member.”
There is no statutory formula for the determination of loss of use under these two sections, supra, although there is a schedule to be utilized once having arrived at this determination. In several cases this Court has ruled the employee must be compensated for all the disability produced by the industrial accident and that the effect on the injured employee is to he determined as of the time of his injury.[8] Section 440.25 (3), Florida Statutes, F.S.A., requires the deputy commissioner to include as part of his findings of fact matters pertinent to the questions at issue.[9]
The deputy found that the claimant had a 90% loss of use of the left hand computed on the basis of the proportionate loss of use of the hand with the total loss of use being 100%. This is the only formula to determine the amount of compensability under these aforementioned sections.
We now turn to the issue raised as to whether absent statutory authority to do so, the full commission erred in considering the aggravation of disability reasonably attributable to the accident to be 40% loss of use of the left hand. We are not concerned here with the apportionment of the loss between two carriers when two successive incidents combine to produce the final disability,[10] but, as was stated earlier, it would appear the full commission has diluted the word “aggravation” so as to convert it into the word “apportionment”.
In the instant case neither “apportionment” nor “aggravation” is germane although a search of the authorities does reveal:
“While the persuasiveness of decisions in other states is somewhat tempered by the distinctions in the various workmen’s compensation statutes, an examination of the cases reveals that those courts, where possible under a liberal interpretation of their statutes, compute an injured employee’s compensation on the basis of the total disability he has suffered irrespective that a percentage of such disability is traceable to a prior accident. Tomes v. Gray & Dudley Co., 201 Tenn. 697, 301 S.W.2d 389 (Sup.Ct.1957); Mark Mfg. Co. v. Industrial Commission, 286 Ill. 620, 122 N.E. 84 (Sup.Ct.1919); Worden v. General Drop Forge Corporation, 285 App.Div. 910, 137 N.Y.S. 2d 671 (App.Div.1955); Paul v. Glidden Co., 184 Md. 114, 39 A.2d 544 (Ct.App.1944); Wunsch v. Stanley Works, 137 Conn. 228, 75 A.2d 489 (Sup.Ct.Err.1950); Special Indemnity Fund v. Duff, 200 Okl. 57, 191 P.2d 584 (Sup.Ct.1948) (specifically provided for by statute); Annotation, ‘Previous loss or mutilation of member as affecting amount or basis of compensation under *419 Workmen’s Compensation Act,' 30 A.L. R. 979 (1924)[11]
Sections 440.15(3) (r) and (s) of the Workmen’s Compensation Act of 1957 concern directly the question of the proportionate loss of use of the member based on the accident of April 10, 1959. This must be distinguished from any claim which may arise under Section 440.15(5) (d) Florida Statutes 1957, F.S.A., and which is not a direct benefit to the employee by payment of compensation directly to him but is a reimbursement to the employer under specified conditions.
In sum, we hold that while many times we have stated the act should be construed liberally and where doubt exists it should always be resolved in favor of the working man,[12] and while we need not depart from that rule, the crux of the ruling here is based on the oft times quoted mandate that the determination of the degree of loss produced by the compensable injury is the duty of the deputy commissioner.[13] Having considered all the evidence, we hold that the finding should not have been disturbed as the supporting evidence was both competent and substantial which accorded with logic and reason.
The petition for writ of certiorari is granted and the order of the full commission is quashed with directions to reinstate the order of the deputy commissioner. In such order it shall allow claimant’s counsel reasonable fees for his services in this cause before the full commission.
It is so ordered.
ROBERTS, C. J., and THOMAS and THORNAL, JJ., concur.
O’CONNELL, J., agrees to conclusion.

. Hardy v. City of Tarpon Springs, Fla. 1955, 81 So.2d 503, 505; Boyd v. Florida Mattress Factory, Inc., Fla.1961, 128 So.2d 881.

. Section 440.15(3):
“(c) Hand lost, one hundred and seventy-five weeks’ compensation.
*****
“(Z) Fourth finger lost, fifteen weeks’ compensation.
* * * * *
“(r) Total loss of use: Compensation for permanent total loss of use of a member shall be the same as for loss of the member.
“(s) Partial loss or partial loss of use: Compensation for permanent partial loss or loss of use of a member may be for proportionate loss or loss of use of tlie member.”

. United States Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741; Andrews v. Strecker Body Builders, Fla.1957, 92 So.2d 521.

. «* * * and it follows that the aggravation of disability reasonably attributable to the accident and therefore compensable is 40 per cent loss of use of the hand.”

. In many cases we have made clear the authority of the full commission does not include that of making a finding of fact. The deputy has that exclusive right. Hardy v. City of Tarpon Springs, Fla.1955, 81 So.2d 508, 507; Wiedman v. Daryl Products Corp., Fla.1961, 127 So.2d 448; Adams v. Wagner, Fla.1961, 129 So.2d 129; Miami Beach Awning Co. v. Socalis, Fla.1961, 129 So.2d 414, 417.

. Section 440.02(19):
“ ‘Accident’ shall mean only an unexpected or unusual event or result, happening suddenly. A mental or nervous injury due to fright or excitement only or disability or death due to the accidental acceleration or aggravation of a venereal disease or of a disease due to the habitual use of alcohol or narcotic drugs, shall be deemed not to be an injury by accident arising out of the employment. Where a pre-existing disease is accelerated or aggravated by accident arising out of and in the course of the employment, only acceleration of death or the acceleration or aggravation of disability reasonably attributable to the accident shall be com-pensable.”
Section 440.15(5) (c):
“(c) The fact that an employee has suffered previous disability or received compensation therefor shall not preclude him from benefits for a later injury nor preclude benefits for death resulting therefrom; but in determining compensation for the later injury or death his average weekly wages shall be such sum as will represent his earning capacity at the time of the later injury, provided, however, that an employee who is suffering from a previous disability shall not receive compensation for a later injury in excess of the compensation allowed for such injury when considered by itself and not in conjunction with the previous disability except as hereinafter provided in paragraph (d) of this subsection.”

.Since the accident occurred on April 10, 1959, the 1957 Florida Statutes will be generally controlling.

. Davis v. Artley Construction Co., 1944, 154 Fla. 481, 18 So.2d 255; Alexander v. Peoples Ice Co., Fla.1956, 85 So.2d 846.

. Andrews v. Strecker Body Builders, Fla.1957, 92 So.2d 521, 523; Magic City Bottie & Supply Co. v. Robinson, Fla.1959, 116 So.2d 240, 244.

. Johnnie’s Produce Company v. Benedict & Jordan, Fla.1960, 120 So.2d 12.

. Nelson v. Meeker Foundry Co., 1959, 30 N.J. 139, 152 A.2d 130, 133.

. Alexander v. Peoples Ice Co., supra, footnote 8.

. United States Casualty Company v. Maryland Casualty Company, Fla.1951, 55 So.2d 741; Andrews v. Streeker Body Builders, supra footnote 9.