O’CONNELL, Justice.
In this workmen’s compensation proceeding the claimant, Sam Dorsey, seeks review of an order of the Full Commission affirming the deputy’s order which awarded compensation for 35% loss of use of a hand. Claimant contends he should have been awarded compensation for 60% loss of use of his hand.
The deputy found that the claimant suffered a compensable injury to the thumb and forefinger of his right hand which in conjunction with a pre-existing disability of the other three digits of the same hand produced a 60% loss of use of that member. The deputy determined that 25% of the loss of hand use was attributable to the pre-existing disability and 35% was due to the injury involved here. Based on this finding he awarded compensation only for 35% of loss of use of the hand.
We are required to decide whether the deputy acted properly in apportioning the loss of use of the hand and awarding compensation only for that loss attributable to the last injury.
It is not questioned that claimant had a pre-existing disability of his hand, ulnar nerve palsy, due to a previous injury. This disability affected the little, ring and middle finger. In spite of this impairment claimant worked successfully as a laborer.
The deputy’s determination that claimant had a 25% hand use loss because of the nerve palsy is not attacked, nor is his finding of 60% total hand use loss.
Claimant contends that under our decision in Young v. Dreamland Bedding Company, Fla. 1961, 133 So.2d 414, he is entitled to compensation for the total 60% of loss of use of the hand.
The respondent employer is content with the award and argues that the deputy acted properly. It seeks to distinguish the Young case on the theory that there the deputy specifically found that the claimant Young had not suffered any loss of function of his hand because of the preexisting disability, i. e. the loss of the ring, middle and forefinger.
Sec. 440.15(5) (c) specifically governs this case.
This subsection makes clear that previous disability does not preclude benefits for a subsequent disability, but equally important it limits compensation for the second injury to the disability caused by it, alone, and not the combined effect of the second injury acting on the pre-existing disability, except as provided in Sec. 440.15(5) (d) 2.
This last mentioned subsection allows compensation for the combined effect of a first and second injury where the effect of the merger of the two is to cause “ * * a permanent disability that is materially and substantially greater than that which would have resulted from the subsequent injury * * * alone.” It requires the last employer to pay all benefits due because of the combined effect of the two injuries and gives this employer the right to seek reimbursement from the special disability fund for that portion of the compensation not attributable to the second injury considered by itself.
*359 The facts of this case, as found by the deputy, show that the second injury merging with the first one produced substantially greater disability in claimant’s hand than that attributable to the second injury considered by itself.
Up to this point the claimant is leading, but Sec. 440.15(5) (d) 4, F.S.A.1959, F.S.A. poses a roadblock. This subsection defines permanent physical impairment as used in Sec. 440.15(5) (d) as being any permanent condition which is or is likely to be a hindrance or obstacle to employment “ * * and which was known to the employer prior to the occurrence of the subsequent injury * * *>>
Admittedly, the claimant had a “permanent physical impairment” to the extent of 25% of the hand. The testimony of a medical witness shows that the condition was or was likely to be a hindrance to claimant’s employment. He expressed amazement that claimant was able to work with his hand as it existed prior to the last accident.
Unfortunately the record does not sufficiently indicate that the employer, respondent here, knew of the condition of claimant’s hand prior to the second injury. Claimant was asked if his employer observed his hand and he replied “I think they did, yes.” However, further questioning revealed that the employer did not ask him about his hand. The record indicates that as a result of the pre-existing ulnar nerve palsy three fingers of claimant’s hand resembled a claw. It may well be that the mere existence of this condition is sufficient to charge the employer with the requisite knowledge. This, however, is a finding of fact which the deputy ought to make and we will give him the opportunity to do so on remand of this cause.
We recognize that the requirement of knowledge by the employer of the worker’s physical impairment will in some instances deny an injured claimant benefits for the combined effect of a prior and later injury where the employer does not have or cannot be charged with such knowledge.
Nevertheless, the provision is clear in its meaning. It was added by the 1959 Session of the Legislature and is entirely consistent with the legislative intent expressed in subsection (5) 5, of the Subsequent Injury section under discussion. Since the purpose of the section is to' encourage the hiring of physically handicapped workers it is reasonable to restrict its provisions to the benefit of those handicapped employees who are hired with knowledge of the handicap.
We will not here undertake to explain or compare the decision of this Court in the case of Young v. Dreamland Bedding Company, supra. It was not decided on the same theory as this case. However, the result in the Young case would have been the same had it been decided under the provisions of Sec. 440.15(5) here construed to be controlling.
On remand the deputy need determine only one question of fact, to-wit: Did the employer, prior to occurrence of the last injury, have knowledge of the preexisting permanent physical impairment to claimant’s hand?
If this question is answered in the affirmative the claimant is entitled to an award for 60% loss of use of the hand and the employer will be able to seek reimbursement from the special disability fund.
If answered in the negative the claimant will be entitled to an award for 35% loss of use of the hand.
For the reasons above expressed the petition is granted, the writ is issued and the order of the Full Commission is quashed with directions to remand this cause to the deputy commissioner for further proceedings consistent with this opinion.
It is so ordered.
ROBERTS, C. J„ and DREW, THOR-NAL and CALDWELL, JJ., concur.