ROBERTS, Justice.
Petitioner, Herman Howard, sustained a compensable injury to his back on March 3, 1955, while lifting a boom hoist from an automobile. Compensation for total disability was paid by the carrier for a period of sixty-two weeks and thereafter compensation was paid for a residual twenty percent permanent partial disability of the body as a whole. On April 10, 1959, a claim for additional compensation and further remedial treatment was made. The parties stipulated that the carrier would pay claimant an additional ten percent permanent partial disability over the original twenty percent formerly agreed upon and thereafter the stipulation was approved by the deputy commissioner by order dated May 28, 1959. Two years later claimant filed a petition to modify this order pursuant to Florida Statutes Section 440.28, F.S.A., claiming a change in physical condition and a mistake in the determination of fact in that impairment of the claimant’s wage earning capacity had proved greater than the percentage determined on the 28th of May, 1959. After a hearing before the commission which included the testimony of two medical doctors and the claimant the deputy found, inter alia, that claimant had undergone a second operation on his back “because of the change in the condition of his back;” that claimant suffered a temporary total disability for the period of October 1, 1961 to December 15, 1961, for which he is entitled to compensation; and that due to his back and leg condition the claimant’s wage earning capacity has been impaired by forty percent as a result of his permanent back injury. The employer and carrier applied to the full commission for review, urging that there was no competent substantial evidence to support a finding by the deputy commissioner that there has been a change in claimant’s physical condition nor has there been a mistake in the determination of fact. The full commission by a 2-1 decision reversed the order of the deputy commissioner and dismissed the claim.
*794 We have heard oral argument and have carefully examined the record to determine whether the order of the deputy commissioner and his findings were based upon competent substantial evidence, and is in accord with logic and reason. United States Casualty Company v. Maryland Casualty Company, 55 So.2d 741, Fla.1951; Andrews v. Strecker Body Builders, 92 So.2d 521, Fla.1957; Young v. Dreamland Bedding Company, 133 So.2d 414, Fla.1961.
We find that the record does reflect such evidence and that the compensation order of the deputy complies with the requirements of the foregoing decisions and with the principles delineated in Ball v. Mann, 75 So.2d 758, Fla.1954.
Accordingly, the petition for writ of cer-tiorari is granted and the order of the full commission is quashed with directions to reinstate the compensation order of the deputy commissioner dated March 19, 1963.
It is so ordered.
DREW, C. J., THORNAL and HOB-SON (Ret.), JJ., and MASON, Circuit Judge, concur.