DREW, Chief Justice
(dissenting).
The finding of the deputy on this claim was, “Based on the evidence before me, there is nothing to show that the Claimant has loss of earning capacity in excess of 30 per cent and since I find that the accident of June 20, 1961 aggravated a pre-existing disability, I therefore find that the loss of earning capacity as a result of the accident of June 20, 1961, is 20%.” This conclusion follows other findings that a prior claim, against the same employer for an alleged earlier accidental back injury, was “settled on Joint Petition for Lump Sum Settlement approved by an order entered *545 September 30, 1960”; and that claimant now has an uncontroverted 30% functional or anatomical disability, attributed 20% to the current 1961 back injury and 10% to her pre-existing condition.
The findings in this situation amount, I think, to a determination that an employee may not receive compensation for the total present loss of earning capacity when it results from the combined effect of current injury and pre-existing disability. Some of the recited medical evidence concerns earlier back complaints unrelated to employment or injury, but the order contains no finding that claimant’s pre-existing condition was caused solely by disease. Upon the record, therefore, I think the applicable provisions of the statute are Section 440.15 (5) (c) and (d), Florida Statutes 1961, F. S.A.[1]
While under the law as amended in 1963 [2] the order in this case might be properly sustained, the former provision which controls this claim was construed[3] to provide compensation for the combined effects of an injury and previous impairment with right of reimbursement from the special disability fund in those instances where the employer had notice of such disability. Notice clearly is not disputed in the case at bar.
I would, accordingly, quash the order of the full commission with directions to quash the deputy’s order and remand the cause for the entry of a compensation order in accordance with these views.

. “ * * * an employee who is suffering from a previous disability shall not receive compensation for a later injury in excess of the compensation allowed for such injury when considered by itself and not in conjunction with the previous disability except as hereinafter provides, in paragraph (d) of this subsection. [e. s.]
“(d) * * * 2. * * * If an employee who has ⅜ * ⅜ other permanent physical impairment incurs a subsequent permanent disability from injury * * * arising out of and in the course of his employment which merges with the pre-existing permanent physical impairment to cause a permanent disability that is materially and substantially greater than that which would have resulted from the subsequent injm-y or occupational disease alone, the employer shall in the first instance pay all benefits provided by this chapter, but such employer shall be reimbursed from the special disability trust fund created by this paragraph for all compensation for permanent disability paid in excess of that allowed for such injury or occupational disease when considered by itself and not in conjunction with the previous permanent physical impairment.”

. The provision as it now stands has deleted from its text the exception from the sentence first above quoted (note 1) and the remainder of the section, subsection (d), has been removed to a portion of the compensation law not pertaining to computation of benefits.

. Dorsey v. L & A Contracting Co., Fla.1964, 155 So.2d 357.