186 So.2d 493 (1966)
Carl A. SIMMONS, Petitioner,
v.
CITY OF CORAL GABLES, Bituminous Casualty Corp., Florida Industrial Commission, Respondents.
No. 34554.
Supreme Court of Florida.
April 27, 1966.
*494 Danton V. Ferrero and Allen Clements, Miami, for petitioner.
Williams & Jabara, Miami, Patrick H. Mears, Tallahassee and J. Franklin Garner, Lakeland, for respondents.
ROBERTS, Justice.
The claimant, a police academy trainee, suffered an alleged injury to his left knee while performing running exercises on the physical training field. Exercises had begun on October 15, 1962 and two weeks later while in the field he was forced to stop running because of intense pain in his leg. He was treated superficially and returned to the field but was compelled to merely watch the training exercises the remainder of the period. The next training period was two days later and inasmuch as the same type of pain occurred again claimant was sent to a physician. Ultimately, the fluid was drained from the knee and an operation performed. The surgery did not appear entirely successful and a second operation was performed in which three foreign bodies were removed from the knee and which improved the condition but left the claimant with periodic pain and a partial disability of the knee and leg.
A claim was filed and the deputy commissioner awarded claimant compensation for 30% permanent partial disability of the leg and other benefits. The employer contended that claimant had a pre-existing condition; had misrepresented this fact on his application; that he suffered no accident within the meaning of the Act and should be denied benefits.
The full commission reviewed the record and found that claimant had never been treated for an injury to the knee, although he had testified, "My knee has hurt like anybody that ever played football, but never swoll up or [was] treated by a doctor." He stated that he had not played since he was about fourteen years old and that he had had no trouble. There was some evidence, through the doctor's history, that twice the knee had swelled and been painful but had not required medical treatment and the condition was asymptomatic up to the time of the accident. Therefore the commission affirmed the deputy on this point, holding that the claimant had no reason to suspect the disability when he completed the application forms. The commission found, however, that the record showed the claimant had a pre-existing condition that consisted of osteochondromatosis (loose bodies within the knee joint), and that inasmuch as his condition could have become symptomatic at any time he had not in fact sustained a compensable accident arising out of and in the course of his employment.
We approve the decision of the full commission except as to the holding that claimant suffered no accident. We feel that the circumstances of the claimant's work and the rigid physical training required of police officers, were "causative factors in the injury," even though he may *495 have suffered the same result in a variety of other situations. Cf. Spivey v. Battaglia Fruit Company, 138 So.2d 308 (Fla. 1962). The case falls within our definition, "unexpected injury received in the ordinary performance of a duty in the usual manner is an injury `by accident' within the purview of the Workmen's Compensation Law, without the showing of anything fortuitous." Gray v. Employers Mutual Liability Ins. Co., (Fla. 1953), 64 So.2d 650; Victor Wine and Liquor, Inc. v. Beasley, (Fla. 1961), 141 So.2d 581. It is indisputable that the injury occurred in the course of employment because the pain suddenly commenced during required physical exercises and it arose out of the employment because the intense physical training and the circumstances of the work were undoubtedly causative factors of the injury. Medical testimony was elicited to this effect. The remaining requirements of the statute are met because the disability of the claimant was sudden and unexpected and resulted in a disappointing and distressing disability to the young trainee. F.S. § 440.02(6); § 440.02(19). F.S.A. Spivey v. Battaglia Fruit Company, supra.
We turn now to the question of apportionment and whether it obtains in regard to the award of compensation. The accident occurred on October 31, 1962 and therefore the statutory and decisional law pertinent on that date must prevail. The respondents in their application for review before the full commission contended the deputy "* * * erred, a a matter of law, in failing to apportion the extent of the claimant's pre-existing disability as provided in Florida Statutes § 440.02(19) and § 440.15(5) [F.S.A.], in his award for permanent partial disability benefits, temporary total disability benefits, and remedial medical treatment, care and hospitalization." The record shows that claimant had a pre-existing condition, evidently an old asymptomatic injury, suffered at sometime unknown or forgotten and rendered symptomatic by the subsequent industrial accident. Neither the petitioner nor the respondent city had prior notice of this "* * * condition which is likely to be a hindrance or obstacle to employment." We therefore conclude that apportionment is appropriate under Sec. 440.15(5)(c). Cf. Dorsey v. L & A Contracting Co. (Fla. June 28, 1963), 155 So.2d 357.
For the reasons above expressed the writ is issued and the order of the full commission is quashed with directions to remand this cause to the deputy commissioner for further proceedings not inconsistent with this opinion.
It is so ordered.
THORNAL, C.J., and THOMAS, O'CONNELL and BARNS (Retired), JJ., concur.