PER CURIAM.
The claimant suffers from a rare congenital defect. When he was four days old, he underwent surgery to alleviate symptoms of upper intestinal obstruction. This operation was not successful, and follow-up surgery revealed a congenital valve in the claimant’s intestinal tract; causative of the problem from which he was suffering. The surgeon released the valve and, gradually, the claimant recovered, experiencing no ill effects from his condition until his seventeenth year. During that year the claimant secured a summer job as a field worker for the instant employer. He began work on June 9, 1977. As part of his employment duties he loaded bales of cut hay into trailers. The bales were stacked 3-6 feet high, and they weighed 60-80 pounds each.
One day in July, after a heavy rain, the claimant began to feel dizzy while he worked. He continued loading the bales until late in the afternoon when he began to feel “sick to his stomach” and to experience stomach cramps. The evidence reveals that the claimant was attempting to load 12 trailers instead of the usual 8 and, due to moisture, the bales were approximately twice their usual weight.
Two days later the claimant was hospitalized. He underwent three surgical procedures, one of which revealed that his stomach and duodenum were distended. The operating surgeon opined that this factor, coupled with another congenital valve discovered in and removed from the intestinal tract during the third procedure, caused the problem from which the claimant began suffering on July 7th while at work.
The record reveals no cause for the distention other than the claimant’s work activities on July 7th. Wilhelm v. Westminster Presbyterian Church, 235 So.2d 726 (Fla.1970). In speaking of causality, the surgeon noted that the claimant could lift weights as well as any other man his age and size, but that the additional weight of the bales and the constant additional stress and strain involved in lifting them that day created a balloon-like pressure on the claimant’s duodenum, causing it to distend.
We hold that the foregoing evidence of unusual stress and strain causing internal injury and sudden, unexpected disability, is sufficient to demonstrate a compensable accident under workers’ compensation law. Simons v. City of Coral Gables, 186 So.2d 493 (Fla.1966). Accordingly, we reverse and remand for a new order consistent with this opinion and for further proceedings as necessary to determine issues ripe for adjudication.
ERVIN, SHIVERS and SHAW, JJ., concur.